## SUPREME COURT.

### BURNHAM agt. DE BEVORSE AND OTHERS.

An incurable defect in a complaint is not waived by any pleading, but· may be taken advantage of whenever the parties are before the court, either at special term by motion, or on the trial at circuit by motion in arrest after verdict, and the court may regard it even on *general* demurrer.

An action to redeem lands from a mortgage foreclosure, *held* to be maintainable where the fee of the mortgagor in the premises by operation of the bankrupt act (1841) was transferred to his assignee, subject to the mortgage; and the assignee not being a party to the foreclosure suit, subsequent to the foreclosure and sale under the mortgage, sold the interest of the mortgagor in the premises to the plaintiff; who, it was held, had the same right to redeem as the mort- gagor would have had.

And this right was not lost by the lapse of two years after the decree in bankruptcy, before suit brought under section eight of the bankrupt act. That section is confined to those cases where there is some dispute as to the *rights of the assignee*, which would render a suit necessary, before he could obtain the full possession or benefit of the assigned property.

*Brooklyn Special Term, January* 1853. The action is commenced to redeem lands from a mortgage foreclosure, under the following circumstances:

In 1835, John S. McKibben and Thomas Nichols, being the owners of the premises in question, mortgaged the same to the defendant, Jacob De Bevorse, for the sum of $1337. On the 19th July 1841, McKibben filed his petition under the bankrupt act, and was by decree duly declared a bankrupt on the 16th July 1842. The general assignee in bankruptcy, on the 25th November 1844, sold at public auction the right, title and interest of McKibben in the premises to the plaintiff; which sale was consummated by a deed dated the 24th April 1846.

In the meantime, De Bevorse, on the 26th July 1842, filed his bill to foreclose said mortgage against McKibben and Nichols, and such proceedings were had, that the premises were sold under a decree of foreclosure, on the 13th of May 1843, to De Bevorse. Mr. Waddell, the general assignee in bankruptcy, was not made a party to the foreclosure suit.

Two of the defendants, after putting in an answer denying all

the material allegations of the complaint, now move for judgment, on the ground that the complaint does not contain a cause of action.

C. Tracy, *for Plaintiff.*

W. C. Prime, *for Defendants.*

Baroulo, Justice.—The view that I take of the principal question, renders it unnecessary for me to consider what I conceive to be the highly objectionable, if not irregular practice, of allowing two defendants to bring on the case for argument, while there are thirty others, who, by the same rule, may make thirty more arguments of a matter which is common to all, and decisive of all their rights. The old rule requiring an issue of law or fact to be joined in regard to every defendant, except those who are defaulted, before the cause could be brought to argument, has never, to my knowledge, been abrogated; and as long as legal proceedings retain any degree of consistency and symmetry, it never can be disregarded.

I do not, however, concur with the learned counsel, who, on the part of the plaintiff, contended that a defendant can not take advantage of an incurable defect in the complaint by a motion of this kind. The defect in this complaint, if it is defective at all, is one that can not be cured, and that, therefore, is not waived by any pleading, but may be raised whenever the parties are before the court, either at special term by motion, or on the trial by motion in arrest after verdict. The court *may* regard it even on *general* demurrer.

But I will briefly consider the very grave question presented by the defendant's objection to the plaintiff's right to recover. It is founded upon the 8th section of the "act to establish a uniform system of bankruptcy throughout *the United States,*" passed in 1841, which provides that "no suit at law or in equity, shall in any case be maintainable by or against such assignee, or by or against any person claiming an adverse interest, touching the property and rights of property aforesaid, in any court whatever, unless the same shall be brought *within two years* after the declaration and decree of bankruptcy, or after the cause of suit shall first have accrued."

It is clear that this action was not commenced within two years after the decree for bankruptcy, nor within two years after the cause of suit accrued. It may also be conceded that this statute applies to the state courts, as well as to the federal courts. Still I think it has no application to the case under consideration.

At the time McKibben was declared a bankrupt, he owned what is termed the equity of redemption. In other words, he was the owner of the fee in the land, subject to the mortgage. The modern doctrine is well established, that the mortgage is merely a lien upon, and not 'a title in or to the land. The mortgagee holds it as a security for the debt, while the ·mortgagor continues seized of the estate with all the rights of a freeholder; and this estate may pass, by devise, descent or alienation (4 *Kent Com.* 160; 3 *Denio*, 232). The fee, therefore, by operation of the bankrupt act was transferred to the assignee, subject to the mortgage. While it remained in him the mortgage foreclosed the rights of the mortgagors; but, as the assignee was not made a party to the foreclosure suit, his rights remained unimpaired, and his sale and conveyance to the plaintiff vested in the latter the title precisely as it came from McKibben. And as McKibben had the undoubted right to redeem the land from the mortgagee by paying the amount of the latter, the plaintiff of course, has that privilege now.

But it is contended that the right has been lost by the lapse of the two years, under the section before cited. It is obvious, however, that the section was not intended to cover a case of this character. It must be confined to those cases where there is some dispute as to the rights of the assignee, which renders a suit necessary, before he can obtain the full possession or benefits of the assigned property. Such was the case of Comyn vs. McCord (11 *Ala.* 932), where the assignee brought an action of *detinue* for two receipts; and the case of Harris vs. Collins (13 *Ala.* 388), where the action was brought to recover rent due on a lease. In both of those cases, the object of the suit was to reduce the assets into possession, in order to make them available for the purpose of distribution among the creditors. But in this case, no suit was necessary. The assignee held the land peaceably. No one disputed his title nor claimed any adverse right. It was not his

business to pay off the mortgage, for he had no use for the land, except to sell it and obtain the money for it. The mortgagee was not claiming adversely; his title was consistent with that of the assignee. The latter owned the land and the former held a lien upon it. If the mortgagee had proceeded to foreclose against the assignee, it would have been time for the latter to determine whether he would redeem the land, or suffer the title to be divested by a sale. But as he was not a party to the foreclosure, the mortgage remained outstanding as to him, and so remains as to his grantee, the plaintiff. The right to redeem is unimpaired. The plaintiff is in the same position in this respect, precisely, as was McKibben before the decree. The 15th section of the bankrupt act, after providing that a copy of the decree of bankruptcy shall be recited in every deed of lands belonging to the bankrupt, sold and conveyed by the assignee, and that such recital and a copy of the order shall be full evidence of the bankruptcy and assignment, declares " that all deeds containing such recital and supported by such proof, shall be as effectual to pass the title of the bankrupt of, in and to the lands therein mentioned and described to the purchaser, as fully, to all intents and purposes, *as if made by such bankrupt himself, immediately before such order.*" This section recognizes the distinction, before adverted to, between the nature of the title which the assignee takes in lands indisputably owned by the bankrupt, and the title that he receives to things in action, which can only be reduced to possession by suit. As to the latter, being only *rights* in action, they must be enforced within two years; but as to the land, it being property in possession for which no suit is necessary, the limitation can not be applied.

The plaintiff is therefore entitled to judgment, with costs.