KEATER & SKINNER v. HOCK, MUSSER & CO.

1. NOTICE TO INDORSERS. Section 3, chapter 108 of the laws of 1853 repealed section 955 of the Code of 1851, and revived the rules of the law merchant as to notice to the indorser of promissory notes.
2. SAME. The institution of suit against the makers of a promissory note, is not sufficient, without notice of dishonor, to bind the indorser.

*Appeal from Johnson District Court.*

### THURSDAY, APRIL 18.

ACTION on a promissory note executed by Kubler & Hart-well to the defendants, and by them indorsed to the plaintiff. The petition averred that the plaintiffs "have used due diligence in the prosecution of a suit against the makers of said note, but that they have been and are still unable to collect the same, or any part thereof." The defendants' demurrer to the petition was sustained and judgment rendered for defendants. The plaintiffs appeal.

*Clarke & Davis* for the appellant, relied upon section 955 of the Code of 1851.

*Clarke & Bro.* for the appellee, contended that section 955 of the Code was repealed by section 3, chapter 108, Session Laws of 1853.

BALDWIN, J.—Section 955 of the Code of 1851, provided that the indorser of a negotiable instrument was liable to the action of the indorsee, assignee, or payee *without notice,* if the indorsee, assignee or payee had used due diligence in the institution and prosecution of a suit against the maker or his representative. By section 3, chapter 108, of the act of 1853, it is provided that grace shall be allowed upon bills and notes according to the principles of the law merchant, and notice of non-payment, or non-acceptance, or both, of said instruments shall be required according to the principles of the commercial law.

The section of the Code, as above referred to, changed the rule of the commercial law which required notice of the dishonor of a note or bill to be given to the indorser, otherwise he was not liable. The act of 1853 revives the rule of the commercial law, which requires such notice to be given, and repeals all acts in conflict therewith. The provisions of the Code, which required only reasonable diligence, by suit against the maker, to charge the indorser, were, by

the act of 1853, repealed, as the two provisions are repugnant to each other.

The defendants, as indorsers, were not liable, as they had no notice of the dishonor of the note sued on. The institution of suit against the maker was not of itself sufficient to make defendants liable. The demurrer to the petition was properly sustained.

Affirmed.