## KEATER & SKINNER v. HOCK, MUSSER & CO.

1. RES ADJUDICATA: JUDGMENT ON DEMURRER. While a judgment on demurrer is a sufficient bar to a second action between the same parties on a cause involving the same facts, it is not a bar where the petition in the second action sets out material facts which were not passed upon the first action.

*Appeal from Johnson District Court.*

WEDNESDAY, APRIL 13.

DEFENDANTS are sued as indorsers of a negotiable promissory note. From the pleadings it appears, that plaintiffs sought in the first instance to make defendants liable, upon the ground that they had used due diligence in the prosecution of a suit against the maker, and had been unsuccessful, &c. To this petition there was a demurrer, which was sustained, from which ruling plaintiffs appealed to this court, where the said judgment was affirmed. 11 Iowa, 536. Plaintiffs thereupon filed their petition, upon the same cause of action, alleging due demand of the makers, and like notice to the indorsers. To this petition defendants, as one ground (the 5th) of defense, set up the former adjudication upon the demurrer in bar of plaintiffs' right to recover. A demurrer to this part of the answer was overruled, and plaintiffs appeal.

*Clarke & Davis* for the appellant, cited Chit. Pl., 228; *Wilbur* v. *Gilmore*, 21 Pick., 253; *Bridge* v. *Sumner*, 1 Id., 370; *Moulton* v. *Sibley*, 15 N. H., 480; *Whitaker* v. *Johnson County*, 12 Iowa, 599.

*Clark & Bro.* for the appellee, reviewed the authorities cited by the counsel for the appellant, and cited the following: *Perkins* v. *Moore*, 16 Ala., 17; 10 S. & M., 532; 5 Denio, 497; *Dutchess of Kingston Case*, 2 Smith L. C., 667.

WRIGHT, C. J.—Whether the petition to which the defense, now under consideration, was interposed, was filed in the same case formerly before us, after it had been remanded, or whether plaintiffs commenced a new action, does not clearly appear from the present record. From the view we take of the question, however, it is not material, for in either event we think the demurrer should have been sustained, and the judgment, as a consequence, must be reversed.

By reference to this case, as reported in 11 Iowa, 536, it will be found that we hold that section 3, chapter 108, Laws 1853, repealed section 955 of the Code of 1851, and revived the rules of the law merchant as to notice to the indorser of a promissory note. This being so, it was necessarily decided that the mere institution of a suit against the indorsers was not sufficient to make them liable. And as plaintiffs had not averred any other diligence, or any other act to fix defendants' liability, the petition was held insufficient, and the judgment of the court below sustaining defendants' demurrer was sustained, This judgment, however, cannot be pleaded in bar of a good declaration for the same cause of action. Such a judgment is not upon the merits, within the meaning of the rule claimed by appellees. If authorities are wanting to sustain the proposition, they are found in the cases of *Gilman* v. *Rives*, 10 Pet., 298; *Lampen* v. *Kedgenise*, 1 Mod., 207; *Stevens* v. *Dunbar*, 1 Blackf., 56; *Sherry* v. *Forseman*, 1 Ind., 56; *Kendal* v. *Talbot*, 1 Marsh., 321; 1 Chitty's Pl., 7 Am. ed., 228; *Delaney* v. *Reade*, 4 Iowa, 292, and cases cited in appellants' brief.

The case would be different if the same facts were involved in this, as in the former case; that is to say, if plaintiffs based their right to recover upon the same grounds, the judgment upon the demurrer would be as conclusive as though rendered upon a verdict. And it is

upon this theory, evidently, that the case of *Coffin* v. *Knott*, 2 G. Greene, 582, was decided. Of the same character is the case of *Perkins* v. *Moore*, 16 Ala., 17, for, unquestionably, there may be cases where a judgment on a question of law, the facts being admitted by demurrer, or otherwise, will bar a renewal of the controversy. For in such a case there is substantially a judgment on the merits. Not so, however, when the judgment of the court is asked upon another and different state of facts. Thus, to illustrate, in the case of *Coffin* v. *Knott*, *supra*, it was held that the judgment on the demurrer to the plea of release in the former action, was a good bar to the second action for the same property. There the merits of the case were involved and settled in determining the sufficiency of the release. But suppose, on demurrer to the declaration, it had been determined that the party should have brought replevin instead of trespass, or trespass instead of trover, and on that account judgment was rendered on demurrer, would it have been claimed that the first adjudication was a bar to the second action? We suppose it would not be so claimed. If, however, there has been a trial, and plaintiff is unsuccessful, not because of a mistake in his pleadings, but because upon all the facts, the actual merits are found against him, he cannot, in a new form, re-investigate the same question. Upon this and kindred questions, however, the books abound with cases, and we do not now propose to enter upon their discussion, it being sufficient for the purposes of the present controversy to determine that the judgment that the former petition was bad, is no bar to present (good) one for the same cause of action. Our statute on the subject of amendments was not intended to change the common law rule on this subject.

Reversed.