## MARRIOTT V. CLISE.

1. COMPLAINT — OBJECTION WHICH MAY BE RAISED BY DEMURRER OR MOTION AT ANY TIME.— Under section 60 of the Civil Code (Gen. St. 1883), the objection that a complaint does not state facts sufficient to constitute a cause of action may be raised by demurrer or motion at any stage of the proceedings.

2. GROUNDS FOR RELIEF — IF EITHER LEGAL OR EQUITABLE BE STATED COMPLAINT NOT SUBJECT TO SUCH OBJECTION.— If complaint state facts which entitle the plaintiff to *relief*, whether legal or equitable, it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action.

3. CROSS-COMPLAINT — SUBJECT TO SAME RULE IN BEHALF OF A DEFENDANT AGAINST HIS CO-DEFENDANT.— The code provision referred to is available by a defendant as against a cross-complaint filed by his co-defendant, whereby the latter seeks relief against the former.

*Error to County Court of Arapahoe County.*

THIS is a contest between two individuals who constituted the parties defendant below. The action in which the questions upon this record arose was instituted in the county court by A. B. Sullivan and Charles D. May, plaintiffs, against Fred. A. Marriott, defendant. The purpose of the suit was to recover from the defendant, Marriott, the sum of $755, alleged to be due on a promissory note executed by him, payable to the order of Maria L. Russell, and by her assigned to the plaintiffs.

The defendant answered the complaint, denying that any sum of money was due on the note, and by cross-complaint recited a series of transactions in which all the

persons mentioned, together with the wife of the defendant, Mary H. Marriott, and the defendant in error, W. H. Clise, were to some extent interested, and by virtue of which the defendant, Fred. A. Marriott, alleged the note sued on to be fully paid. Upon prayer of the cross-complaint Clise was made a party defendant to the action.

Two trials were had below, the second resulting in a verdict and judgment in favor of the plaintiffs, Sullivan and May, against the defendant, Marriott, for the sum of $460.50, with costs, and a verdict and judgment in favor of defendant Marriott against his co-defendant, Clise, for the sum of $477 on the issues joined on the cross-complaint of defendant Marriott. These judgments were subsequently set aside and a second new trial granted (on whose motion does not appear), whereupon defendant Clise was permitted to file a demurrer to the cross-complaint, alleging, among other grounds, that it did not state facts sufficient to constitute a cause of action.

On hearing of the demurrer it was sustained by the court, and defendant Marriott electing to stand by his cross-complaint as filed, it was dismissed, whereupon he sued out this writ of error to have reviewed the rulings of the court in this behalf. The subject-matter of the cross-complaint sufficiently appears in the following opinion.

It is assigned for error, among other things, that the court erred in vacating the last judgments, and in permitting the defendant Clise thereupon to demur to the cross complaint, after two trials had upon issues joined on the pleadings.

Messrs. RICHARDS & BUTLER and S. B. McCORMICK, for plaintiff in error.

Messrs. SULLIVAN & MAY and J. M. ELLIS, for defendant in error.

RICHMOND, C.   All of the errors assigned can be considered under two heads:   *First,* was it in the power of the court to grant leave to file a demurrer, after issue joined and trial had, for the reason that the cross-complaint did not state facts sufficient to constitute a cause of action?   *Second,* were the facts set up in the cross-complaint or counter-claim sufficient to constitute a cause of action against defendant in error, Clise?

As to the first proposition, it would seem that, in view of the right to raise this question at any time during the progress of the cause in any and every court, the filing and hearing of the demurrer did not work an injury to the plaintiff in error, as neither the trial court nor the appellate tribunal could, under such circumstances, permit judgment to be entered against the defendant in error.   Upon this proposition there ought not to be a division of opinion.   We cannot concede that it makes any difference how, when or where this question is raised, as the code provides it may be made at any time (sec. 60, Gen. St. 1883), but does not specify the method of so doing.   The section of the code referred to provides that if the objection is not taken either by demurrer or answer the defendant shall be deemed to have waived all except the objection to the jurisdiction of the court, and that the complaint does not state facts sufficient to constitute a cause of action.

No objection to the jurisdiction of the court is here interposed; therefore the only question left for consideration under this head is as to the sufficiency of the facts stated in the cross-complaint.

We must concede that the practice of filing a demurrer after answer and trial had is an anomalous practice. We are, however, inclined to the opinion that the method by which this question is raised need not be questioned. This objection might be taken whenever the parties were before the court, either at special term or by motion on

trial, or by motion in arrest after verdict. *Burnham v. De Bevorse*, 8 How. Pr. 159. The objection can be taken at the trial. *Higgins v. Freeman*, 2 Duer, 653; *Bank v. Bank*, 7 N. Y. 464. This objection could be taken at any stage of the case. *Macdougall v. Maguire*, 35 Cal. 281.

But what is more satisfactory upon this point is *Hall v. Linn*, 8 Colo. 270. In this case defendant's demurrer was overruled. He filed his answer to the pleading, but the court say that under the present practice it was proper to renew the same at the close of the trial and before judgment; and failure to state in the complaint facts sufficient to constitute a cause of action may be taken advantage of at any time. *Emery v. Yount*, 7 Colo. 109.

In *Hentsch v. Porter*, 10 Cal. 560, 561, it was held, where the defect in the complaint is of such a serious character as to show that the plaintiff could never at any time obtain any judgment on the cause of action alleged, then the defendant should be allowed to make the objection for the first time in the appellate court.

These authorities we deem conclusive upon the proposition that the question of facts sufficient to constitute a cause of action may be raised at any stage of the proceedings. This being true, we cannot conceive what particular difference it makes whether it be raised by demurrer or by motion. Treating it in either light, the result is the same. Therefore, so far as the right of the court to grant leave to file a demurrer to the cross-complaint in this case is concerned, we think, when the demurrer was based upon the question of sufficiency of facts to constitute a cause of action, that the plaintiff in error was in no way prejudiced by allowing the demurrer to be filed and the question determined. But so far as any other causes of demurrer are involved we are decidedly of the opinion that the interposition of a demurrer after answer and trial would be in direct violation of section 56 of the code, which says: "All objections save and except the

two enumerated shall be deemed to have been waived unless taken either by demurrer or answer." *Barth v. Deuel,* 11 Colo. 498.

The next question with which we are confronted is, Does the counter-claim and cross-complaint state facts sufficient to constitute a cause of action against defendant in error, Clise? That this is a proper inquiry, see *Herfort v. Cramer,* 7 Colo. 488. By section 61 of the code it is provided that the defendant may embrace in his answer any matter in avoidance, or a counter-claim constituting a defense or the subject-matter of cross-complaint, which may entitle the defendant to relief against plaintiff alone, or against a defendant or a co-defendant.

The matters stated in the cross-complaint show that Sullivan and May, in whose name suit was brought on the promissory note dated June 30, 1882, were but nominal parties, having no interest whatever in the controversy; that the real party in interest, the one who would actually be benefited by a recovery on that note, was W. H. Clise, for whom the plaintiffs Sullivan and May were acting as agents, and that money secured from other sources should have been applied in payment of it. We are therefore inclined to think that W. H. Clise was a party having a real and substantial interest in the controversy, or at least one who was a proper party to such judgment.

If it be a fact, and it was a fact in issue, that Sullivan and May were acting as agents of Clise or Russell, and that they, or either of them, were the owners of the note at the time of the agreement entered into, and that it was understood between all of the parties that, in view of the fact that the warranty deed to the premises mentioned was given by the plaintiff in error, and the personal property surrendered wholly with the view and understanding that the property was to be sold at some subsequent period, and the amount realized to be appro-

priated in the payment of the promissory notes of Mary H. Marriott and F. A. Marriott, and the surplus, if any, to be turned over to the plaintiff in error, and the property both real and personal was sold, we think the matters and things stated are sufficient to constitute a cause of action against defendant in error, Clise. *Fitzgerald v. Cross*, 30 Ohio St. 450.

If the complaint states facts which entitle the plaintiff to relief, either legal or equitable, it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action. If the facts stated are such as to address themselves to the equity side of the court, the appropriate relief will be granted by the court sitting as a court of equity. On the other hand, if the facts alleged are purely cognizable in a court of law, the proper relief will be administered in that form of proceeding. A complaint which states a sufficient cause of action at law or in equity is not demurrable as not stating facts sufficient to constitute a cause of action. *White v. Lyons*, 42 Cal. 282; *Herfort v. Cramer*, 7 Colo. 488.

The grounds of demurrer that there is a misjoinder of causes of action in said cross-complaint and a misjoinder of parties defendant cannot be considered; for, as we have already intimated, the statute expressly provides that if no objections be taken for these causes they shall be deemed waived. *Barth v. Deuel*, 11 Colo. 498; *Grain v. Aldrich*, 38 Cal. 521; *Cox v. Railroad Co.* 47 Cal. 90.

It follows from the above conclusions that the court, in sustaining the demurrer to the cross-complaint, erred, and for that reason the judgment should be reversed and the cause remanded.

REED, C., concurs. PATTISON, C., concurs in the result.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed.

*Reversed.*