## William A. Gordon v. City of Omaha.

Filed November 22, 1906. No. 14,311.

1. **Attorney and Client.** An attorney may, by virtue of his retainer, receive and receipt for money due his client in a case in which he is employed, and the act will bind his client, unless the party paying it had notice of a revocation of the attorney's authority to act in the case.

2. **Cities: Notice.** Notice affecting a city must, under section 7453, Ann. St., be in writing and be served on the mayor, or acting mayor, or, in the absence of both from the city, upon tne city clerk.

3. **Petition: Objections to Evidence.** An objection to the. admission of evidence on the ground that the petition does not state facts sufficient to constitute a cause of action may be taken at any time during the progress of the trial, and is not waived by answer or failure to demur. Where the objection is sustained, and the plaintiff elects to stand on his petition, or does not take leave to amend the same, judgment should be entered for the defendant.

4. **Officers: Assignment of Salary.** Whether a city officer may bind the city by assigning his salary prior to the issue of a warrant therefor not discussed or determined.

Error to the district court for Douglas county: William A. Redick, Judge. *Affirmed.*

*L. D. Holmes,* for plaintiff in error.

*Harry E. Burnam* and *I. J. Dunn, contra.*

Duffie, C.

By the judgment of the district court for Douglas county entered July 5, 1902, Frank E. Moores, mayor of the city of Omaha, was directed to sign a certain warrant, No. 53,327, for the sum of $1,600, payable to Samuel I. Gordon, and drawn by the comptroller of the city in part payment of the salary of said Gordon as police judge of the city of Omaha for the year 1901. The judgment of the district court was, on appeal taken by the mayor, affirmed by this court, and the warrant thereafter duly executed.

J. W. Eller represented Judge Gordon as his attorney in that case, and on or about April 14, 1903, the warrant was delivered to Eller, who receipted the same as attorney for Gordon and who obtained the money thereon from the city treasurer. These facts are alleged in the petition filed in this case, and it is further alleged that on January 24, 1903, the said Samuel I. Gordon sold and assigned to the plaintiff all his right, title and interest in and to the sum of $2,500, due to him for salary as police judge of the city of Omaha for the year 1901, to be held by him as security for the payment of certain debts of the said Samuel I. Gordon, an itemized statement of which is set forth in the petition. It is further alleged that, before Eller presented the warrant for payment, plaintiff notified Eller of the assignment to him, and that he also notified the city treasurer that the said salary due to Judge Gordon, and which was in part evidenced by said warrant No. 53,327, had been sold and assigned to the plaintiff, who was the only party entitled to receive payment thereon. Judgment is prayed against the city for the amount of said warrant with interest. The answer alleges Eller's employment as attorney for Judge Gordon in the mandamus proceeding brought to require the mayor to sign and deliver the warrant, and in numerous other cases in which Gordon was a party, and that there was due him as fees for services rendered said Gordon in his various suits a sum largely in excess of the amount of the warrant; that it was agreed between Judge Gordon and Eller that the latter should hold and collect the warrant and apply the same upon fees due him for legal services. It is also alleged in the answer that Eller was the attorney of record for Judge Gordon in the district and supreme courts in the case involving the issue of said warrant, and so remained until April 27, 1904, and that as such attorney he was authorized to receive and receipt for the same. The reply denies that Eller remained the attorney of said Gordon or had any power to receipt for said warrant, and alleges the assign-

ment to him at a date long previous to the payment of the
same to Eller. It reiterates the allegation of the petition
that the city treasurer had notice that the warrant and.
the debt had been assigned to the plaintiff before the same
was presented for payment by Eller, and it denies any in-
debtedness from Judge Gordon to Eller on account of
legal services. The record discloses that a jury was im-
paneled and sworn, and that the evidence was in part ad-
duced, when defendant objected to any further evidence
being admitted, on the ground that the petition did not
state a cause of action. The district court sustained this
objection and, on motion duly made, directed the jury to
return a verdict for the defendant, which was accordingly
done. The motion for a new trial was overruled, and
judgment entered upon the verdict that the city of Omaha
go hence without day, and have and recover from the
plaintiff its costs.

If Eller, as attorney for Judge Gordon, had no author-
ity to receive and receipt for the warrant in question,
and to obtain the money thereon, then it is evident that
some one is still indebted to the legal owner of the war-
rant for the amount thereof. Section 3606, Ann. St.,
provides, among other matters, that an attorney has power
"to receive money, claimed by his client in an action or
proceeding, during the pendency thereof or afterwards,
unless he has been previously discharged by his client,
and upon payment thereof, and not otherwise, to dis-
charge the claim or acknowledge satisfaction of the
judgment." This statute is merely declaratory of the
common law. The authorities are numerous and uniform
that an attorney, by virtue of his retainer, may receive his
client's money in a case in which he is employed, and the
act will bind his client, unless the party paying it had
notice of a revocation of the attorney's authority to act
in the case. *Ruckman v. Alwood*, 44 Ill. 183; *McGill v.
McGill*, 59 Ky. 258; *State v. Hawkins*, 28 Mo. 366; *Yoa-
kum v. Tilden*, 3 W. Va. 167, 100 Am. Dec. 738. It is ad-
mitted that Eller was attorney of record for Judge

Gordon, and, under our statute and the decisions above referred to, he had authority to receive this warrant and collect the money thereon, unless previously discharged by Gordon and notice thereof brought home to the city. Judgment having gone in favor of the city on a demurrer *ore tenus* interposed to the petition, we must assume the truth of the allegation that notice of the assignment of this warrant to the plaintiff was given to the city treasurer before its payment. An assignment of a judgment is a revocation of the authority of the plaintiff's attorney to receive and receipt for the money due thereon, or to in any wise control the judgment. If the plaintiff in a judgment has parted with his right to control it by assigning it to a third party, it cannot be questioned that the power of his attorney ceased with such assignment, and that all parties in interest having notice thereon deal with the attorney thereafter in relation to the judgment at their peril. *Trumbull v. Nicholson*, 27 Ill. 149. This requires us to determine whether notice to the city treasurer of the assignment of the warrant, or rather the salary represented by the warrant, was notice to the city, no plea of any other notice being alleged in the petition, or of any facts from which notice might be inferred, such as an assignment on the record, or an entry or notice of record of Eller's discharge as attorney in the case. One of the provisions of the Omaha charter is in the following language: "The corporate name of each city organized under or governed by this act, shall be 'The City of ——' and all or every process or notice whatever, affecting any such city, shall be served upon the mayor, or acting mayor, or in the absence of both of said officers from the city, then upon the city clerk." Ann. St., sec. 7453. This statute undoubtedly contemplates a written notice, and it certainly requires notice to the executive head of the city, or, in his absence, to the clerk. No notice of the kind required by statute is pleaded, and we cannot judicially change or amend the statute by holding that notice to any other officer than the one mentioned in the statute

is sufficient. We conclude, therefore, that the allegations of the petition, if established, would not entitle the plaintiff to a judgment.

Complaint is made, as we understand from the appellant's brief, that the court directed a verdict and entered judgment thereon instead of dismissing the jury and the plaintiff's action. This requires us to consider what order should be entered on sustaining a demurrer *ore tenus* to the plaintiff's petition. The rule is well established that an objection to the admission of any evidence on the ground that the petition fails to state a cause of action may be taken at any time during the progress of the trial, and is not waived by answer or failure to demur. *Curtis & Co. v. Cutler*, 7 Neb. 315; *Ball v. LaClair*, 17 Neb. 39. This is undoubtedly the correct practice under our code. Section 94 of the code specifies the grounds upon which a demurrer to a petition may be interposed. Section 96 is as follows: "When any of the defects enumerated in section ninety-four do not appear upon the face of the petition, the objection may be taken by answer, and if no objection be taken either by demurrer or answer, the defendant shall be deemed to have waived the same, except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action." In *Marriott v. Clise*, 12 Colo. 561, 21 Pac. 909, the supreme court of Colorado, under a similar statute, sustained the district court in allowing a demurrer to the plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action after trial and verdict, and the authorities are quite uniform that the objection to the petition upon this ground may be raised at any time. *Montgomery County Bank v. Albany City Bank*, 7 N. Y. 459; *Coffin v. Reynolds*, 37 N. Y. 640. The effect of such an objection to the petition is not greater nor different from sustaining a demurrer filed before answer.

Upon sustaining a demurrer to the petition, if the plaintiff elects to stand thereon, or if he does not take

leave to amend, final judgment in the case is entered against him. This is the practice under the Ohio code which we have adopted. *Devoss v. Gray*, 22 Ohio St. 159; Wild, Journal Entries (3d ed.), p. 29. While the usual practice may be to discharge the jury and dismiss the plaintiff's action upon sustaining a demurrer *ore tenus* to the petition, the fact that the court directed a verdict and entered judgment thereon is not material, and cannot be held reversible error. The authorities are numerous to the effect that, while a judgment on demurrer is a sufficient bar to a second action between the same parties on a cause involving the same facts, it is not a bar where the petition in the second action sets out material facts which were not passed upon in the first action. *Keater & Skinner v. Hock, Musser & Co.*, 16 Ia. 23; 1 Freeman, Judgments (4th ed.), sec. 267; 2 Black, Judgments (2d ed.), sec. 707; *State v. Cornell*, 52 Neb. 25. It is true that the journal entry made in this case shows a judgment entered on the verdict of a jury, but the whole record taken together shows that there was no trial on the merits, and the whole record when produced, should the judgment be pleaded in bar of another action based upon a sufficient petition, will have no further force or efficacy as a bar than a judgment entered for the defendant upon a demurrer interposed to the plaintiff's petition before answer filed.

We have discussed the case upon the theory that a city officer may bind the city by the assignment of his salary prior to the issue of a warrant therefor. We do not wish to be understood as having examined this question or to have expressed any opinion thereon. We prefer to leave it open for further consideration, it not being necessary to a determination of the case. Finding no reversible error in the record, we recommend an affirmance of the judgment.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.