WILLIAM A. GORDON, APPELLANT, v. AUGUST HENNINGS ET AL., APPELLEES.

FILED MAY 6, 1911. No. 16,443.

1. **Attorney and Client: ATTORNEY'S LIEN.** An attorney at law entitled to practice his profession in this state has a charging lien upon money in the hands of an adverse party in an action or proceeding.

2. ———: AUTHORITY OF ATTORNEY: COLLECTION OF MONEY. The attorney by virtue of his employment, and while that relation exists, has authority to collect and receive money due his client in an action or proceeding in which the attorney rightfully appears, but that authority ceases with the severance of the relation of attorney and client.

3. ———: ATTORNEY'S LIEN: CITY WARRANTS. If an attorney at law duly acquires possession of city warrants drawn to the order of his client, he has a charging lien thereon, as well as upon money appropriated by the city for their payment, to satisfy any balance due him from his client for legal services rendered in and about all transactions leading up to the execution of the warrants and for money expended by him for the benefit of his client in such litigation; but, if the attorney is discharged from his employment before the warrants are collected, and both the attorney and the city treasurer are notified of such discharge and the revocation of the attorney's authority to collect, the treasurer will pay at

his own risk and that of his bondsmen any money in excess of the balance actually due the attorney from his client for such services and money expended.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Reversed.*

*L. D. Holmes,* for appellant.

*M. L. Learned, A. G. Ellick, McGilton, Gaines & Smith, Crofoot & Scott* and *Stout & Rose, contra.*

ROOT, J.

A history of the transaction out of which this litigation arises may be found in *Gordon v. City of Omaha,* 77 Neb. 556. That suit was prosecuted by the plaintiff herein against the city; the instant one is against the bondsmen of the late city treasurer. From a judgment rendered upon a directed verdict in the defendants' favor the plaintiff appeals.

The defendants justify the court's instruction on two grounds: First, the opinion in *Gordon v. City of Omaha, supra;* second, for the alleged reason that, until Judge Gordon shall have settled with his counsel Mr. Eller, this action cannot be maintained. *Gordon v. City of Omaha, supra,* holds that under the city charter notice to the treasurer that Eller had been discharged, and therefore was not authorized to collect the Gordon warrants, was not notice to the city. The opinion does not hold that, if Hennings with notice of these facts paid the money to Eller, he would not be liable to the plaintiff therefor. By executing the undertaking, the bondsmen agreed that their obligation should remain in force if the city treasurer did not faithfully discharge all of the duties of his office. The principal duty which the law casts upon the treasurer is to pay to the persons named in the warrants the funds in his hands appropriated for that purpose. Mr. Hennings did not pay the warrants to the person to whose order they were drawn, nor to the individual to

whom the claims had been assigned. Hennings paid the money by color of his office, and both he and his bondsmen became liable to the party injured thereby. *Turner, Frazer & Co. v. Killian,* 12 Neb. 580; *Barker v. Wheeler,* 71 Neb. 740. The first defense is not seriously insisted upon, and we are of opinion that it should fail.

As to the second defense, Judge Gordon and the plaintiff disclose in their testimony that Mr. Eller, while attorney for Judge Gordon, secured possession of the warrants, and subsequently refused to deliver them to either Gordon until he was paid a balance of $1,400, which he assserted was due him for legal services rendered in the litigation which brought these warrants into existence. An inference may be drawn from this testimony that subsequently Mr. Eller was paid $575 on this account, but, construing the testimony in the light most favorable to the defendants, Mr. Eller did not assert a charging lien in excess of $1,400. The face of the warrants aggregated $1,600. The testimony further discloses that Mr. Eller also claimed money for legal services rendered Judge Gordon in litigation not connected with the suits against the city or its officers over his right to the office of police judge or the amount of his salary, but this contention could not enlarge the attorney's charging lien, nor, since Judge Gordon's interest in the claim against the city had been assigned for a valuable consideration to his son before Mr. Eller secured possession of the warrants, could the attorney successfully assert a retaining lien upon those instruments to secure money due him for legal services in litigation in no manner connected with his client's claim to the office or to the salary. The evidence therefore was sufficient to sustain a finding that Mr. Eller had received from the city treasurer $200, and possibly $775, in excess of his charging lien. The defendants argue that, until Mr. Eller's lien shall have been discharged, no part of the warrants or the money paid upon them can be said to be the separate property of Judge Gordon or of his assignee, and cite *Van Etten v.*

*State,* 24 Neb. 734. In that case the attorney, while the relation of client and attorney existed, rightfully collected his client's money, and was entitled to a portion thereof for his services, and for these reasons it was held that he could not be convicted of embezzlement until his account with his client had been settled amicably or by an adjudication.

In the instant case Eller was not attorney for Judge Gordon when the money was collected, but had been discharged by his client and specifically instructed not to collect the warrants. Of course, this discharge did not dissolve the lien which the law gave Mr. Eller upon the money in the city's possession, nor destroy his equitable right to so much of the fund as might be necessary to satisfy that lien, but this fact withdrew the attorney's authority to collect the money over his client's objection. The city treasurer, with knowledge of the facts, assumed to judge between the contesting claims, paid the money to the individual to whom the warrants were not payable, and in defiance of a warning not to do so. In our judgment the city treasurer and his bondsmen became liable to respond to the plaintiff, should it subsequently appear that Mr. Eller had been overpaid.

Upon a future trial of the case, the evidence may prove an entirely different state of facts. This opinion is based upon the uncontradicted evidence adduced by the plaintiff, and should not be considered as foreclosing proof of any fact in issue in the case. The district court erred in sustaining the motion to direct a verdict, and its judgment therefore is reversed and the cause is remanded for further proceedings.

REVERSED.