NANCI A. MEISTER, APPELLEE, AND KEVIN V. SCHLENDER,
APPELLANT, V. JOHN C. MEISTER, APPELLEE.

742 N.W.2d 746

Filed December 21, 2007.    No. S-06-873.

Kevin V. Schlender, pro se.

Bruce E. Stephens for appellee Nanci A. Meister.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Kevin V. Schlender appeals the district court's order that his attorney's lien was unenforceable under Neb. Rev. Stat. § 7-108 (Reissue 1997). Schlender represented Nanci A. Meister in her divorce from John C. Meister. After John appealed the court's divorce decree, Nanci discharged Schlender and hired new counsel. A month later, Schlender filed notice of his attorney's lien.

After the appeal, John paid money into the district court to satisfy the judgment against him, and the court held a hearing on Schlender's attorney's lien. Nanci objected to the lien because she had dismissed Schlender before he filed notice of the lien. The court determined that Schlender's lien was unenforceable. We reverse, because Schlender's failure to file his lien before his discharge did not affect the enforceability of the lien.

## BACKGROUND

The district court entered the Meisters' divorce decree on September 12, 2003. An amended decree awarded Nanci $38,153.42 as judgment to equalize the property division. Schlender withdrew from the case on November 7, and on December 15, he filed notice of his attorney's lien with the district court. He sent a copy of the notice to both Nanci and John. The notice provided that the lien was for $9,115.25, "which is the unpaid balance of compensation due from [Nanci] to [Schlender] for representation in the [divorce] action."

The Court of Appeals modified the judgment, reducing it to $32,348.94.[1] John satisfied the $32,348.94 judgment in part by paying $12,348.94 into the district court on April 21, 2006. On April 24, the court scheduled a May 1 hearing to address the attorney's lien. On April 27, Nanci filed an objection to the lien, arguing that she had dismissed Schlender and hired new counsel before Schlender filed his attorney's lien.

At the hearing, the court received an exhibit that included Schlender's affidavit and an attached statement for services. The statement showed that the amount owed was $9,115.25. The court took judicial notice of trial procedures in the underlying dissolution case, the exhibit list in that case, and the notice of the attorney's lien. Schlender argued that the attorney's lien statute did not require him to file the lien while he was representing Nanci. He asked the court to direct the clerk to pay him the balance due for his services.

On May 15, 2006, the court declared the attorney's lien "unenforceable under the lien statute." On May 23, Schlender moved to intervene "to determine the disposition of the settlement proceeds paid into the Court by [John] which are subject to the attorney's lien." The same day, Schlender also moved for new trial. After a hearing on July 10, the court overruled Schlender's motion for new trial. The court denied intervention on July 19. Schlender filed a notice of appeal on August 8.

## ASSIGNMENT OF ERROR

Schlender assigns, restated, that the court erred in deciding the attorney's lien was unenforceable under the lien statute.

## STANDARD OF REVIEW

Under Nebraska law, the proper method for enforcing an attorney's charging lien is by resort to equity, because such a lien is equitable in nature.[2] On appeal from an equity action, we decide factual questions de novo on the record. For questions of

---

[1] *Meister v. Meister*, No. A-03-1157, 2005 WL 625888 (Neb. App. Mar. 1, 2005) (not designated for permanent publication).

[2] *Kleager v. Schaneman*, 212 Neb. 333, 322 N.W.2d 659 (1982).

both fact and law, we determine the issues independently of the trial court's determination.[3]

## ANALYSIS

### JURISDICTIONAL QUESTION

Nanci contends that Schlender did not timely file his appeal. To vest an appellate court with jurisdiction, a party must timely file a notice of appeal.[4] A party must file a notice of appeal within 30 days of the judgment, decree, or final order from which the party is appealing.[5] A motion for a new trial, however, terminates the time in which a notice of appeal must be filed.[6] And, if the court denies the motion, the party has 30 days from the entry of the order denying the motion to file a notice of appeal.[7]

The district court declared the attorney's lien unenforceable on May 15, 2006. Schlender moved for new trial on May 23, and the court overruled the motion on July 10. Schlender filed his notice of appeal on August 8. Nanci argues that because there was no trial regarding the attorney's lien, the motion for new trial was "spurious" and that therefore, the motion did not terminate the time for filing notice of appeal.[8]

"Trial" is defined as "a judicial examination of the issues, whether of law or of fact in an action."[9] The court's hearing on May 1, 2006, constituted a "trial" on the issue of Schlender's attorney's lien. The court received evidence, heard arguments by the parties, and, on May 15, resolved the issue by declaring the lien unenforceable. Because there was a trial, Schlender

---

[3] See *County of Sarpy v. City of Gretna*, 273 Neb. 92, 727 N.W.2d 690 (2007).

[4] See *DeBose v. State*, 267 Neb. 116, 672 N.W.2d 426 (2003).

[5] Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2006).

[6] § 25-1912(3).

[7] *Strong v. Omaha Constr. Indus. Pension Plan*, 270 Neb. 1, 701 N.W.2d 320 (2005).

[8] Brief for appellee Nanci Meister at 4.

[9] Neb. Rev. Stat. § 25-1103 (Reissue 1995).

properly moved for new trial within 10 days, terminating the time for filing a notice of appeal. Nanci's argument fails.

### SCHLENDER'S FAILURE TO FILE NOTICE OF THE LIEN BEFORE HIS DISCHARGE DID NOT AFFECT THE ENFORCEABILITY OF THE LIEN

Nebraska's attorney's lien statute, § 7-108, provides:

An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; and upon money in his hands belonging to his client, and *in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.*[10]

Before the hearing on Schlender's attorney's lien, Nanci objected to the lien because she dismissed Schlender before he filed his notice of the lien. Apparently based on Nanci's objection, the district court declared Schlender's lien unenforceable.

Schlender contends that the court erred in finding that his attorney's lien was unenforceable because he did not file it with the court before his discharge. He argues that the statute does not mandate that an attorney file the attorney's lien before discharge by his client. Nanci argues that Schlender's lien was unenforceable because he filed his notice of the lien after he had been discharged and because Nanci objected to the lien.

Nanci relies on *Gordon v. Hennings.*[11] In *Gordon*, an attorney represented a plaintiff in an action against a city. While in the course of his representation, the attorney acquired possession of warrants payable by the city to the plaintiff for $1,600. After obtaining possession of the warrants, the attorney asserted a lien for $1,400, which he claimed was for legal services rendered in the litigation. The plaintiff later discharged the attorney and specifically instructed him not to collect the warrants from the city. Nevertheless, the attorney proceeded to redeem the

---

[10] § 7-108 (emphasis supplied).

[11] *Gordon v. Hennings*, 89 Neb. 252, 131 N.W. 228 (1911).

warrants and collected the money from the city treasurer. The *Gordon* court explained that the attorney's discharge

> did not dissolve the lien which the law gave [the attorney] upon the money in the city's possession, [or] destroy his equitable right to so much of the fund as might be necessary to satisfy that lien, but [the discharge] withdrew the attorney's authority to collect the money over his client's objection.[12]

■ Contrary to Nanci's assertion, *Gordon* does not hold that once a client discharges an attorney, the attorney is no longer entitled to a lien absent his client's approval. Instead, the court expressly recognized that the attorney's discharge did not dissolve the lien or destroy his right to money that would satisfy the lien. The discharge simply withdrew his authority to collect on warrants that were drawn to the plaintiff's order. In other words, once the plaintiff discharged the attorney, the attorney no longer had authority to act on the plaintiff's behalf to "cash in" the warrants over the plaintiff's objections; however, he still had a right to the money satisfying the lien. The *Gordon* court did not hold that an attorney must file an attorney's lien before the attorney's discharge. The rule Nanci suggests would encourage improper discharge to avoid paying attorney fees. Therefore, Schlender's failure to file notice of the lien before his discharge did not affect the lien's enforceability. The court erred in declaring his lien unenforceable.

### EQUITY EXCUSES SCHLENDER'S FAILURE TO INTERVENE BEFORE THE HEARING

Nanci contends that Schlender did not use the proper procedure for preserving the lien. She argues that to enforce his lien, Schlender had to file a petition to intervene. Nanci claims that by arguing his lien on May 1, 2006, and only later moving to intervene on May 23—after the court declared the lien unenforceable—Schlender put the "proverbial cart before the horse."[13]

---

[12] *Id.* at 255, 131 N.W. at 229.

[13] Brief for appellee Nanci Meister at 5.

■ The proper method of enforcing an attorney's lien in the original action is by intervention.[14] Neb. Rev. Stat. § 25-328 (Cum. Supp. 2006) provides that a person who has an interest in the matter may intervene "before the trial commences." We have stated that to be filed as a matter of right, a petition in intervention under § 25-328 must be filed before the trial.[15] Here, the court held a hearing on the attorney's lien on May 1, 2006, and declared the lien unenforceable on May 15. Schlender did not move to intervene until May 23. Arguably, he did not follow the proper procedure to enforce his lien.

■ Despite Schlender's failure to properly intervene before the hearing, this failure did not destroy any entitlement he may have had to the lien. We have stated that " " "[i]ntervention under [§ 25-328] is a matter of right, but does not prevent a court of equity in the interests of justice from allowing a proper party to intervene after the trial has begun. . . ." . . .' "[16] We further stated:

> " " "Leave to intervene after the entry of a final decree is not allowable as a matter of right and should seldom be granted, but equity sometimes requires a departure from the general rule. . . . 'Applications for leave to intervene after entry of a final decree are unusual, and generally have been denied. There are instances, however, where petitions for leave to intervene have been filed and granted after decree.' . . ." . . .' "[17]

As noted above, the proper method for enforcing an attorney's charging lien under Nebraska law is by resort to equity.[18] In the present case, equity requires a departure from the general rule that intervention cannot occur after entry of a final decree. Or, stated another way, equity requires a finding that Schlender

---

[14] See, *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980); *Tuttle v. Wyman*, 149 Neb. 769, 32 N.W.2d 742 (1948).

[15] *Kirchner v. Gast*, 169 Neb. 404, 100 N.W.2d 65 (1959).

[16] *State ex rel. City of Grand Island v. Tillman*, 174 Neb. 23, 27, 115 N.W.2d 796, 799 (1962) (quoting *Kitchen Bros. Hotel Co. v. Omaha Safe Deposit Co.*, 126 Neb. 744, 254 N.W. 507 (1934)).

[17] *Id.* (citations omitted).

[18] See *Kleager v. Schaneman, supra* note 2.

could intervene after the hearing, and his failure to intervene before the hearing did not destroy any right he may have had to the lien.

Equity requires such a result because of the small window of time in which Schlender had to intervene before the hearing. John made his payment to the court on April 21, 2006, a Friday. The following Monday, April 24, the court ordered a show cause hearing for May 1. Recently, in *Stover v. County of Lancaster*,[19] we noted that once a judgment debtor paid funds to the court, the clerk should have notified the parties claiming an interest in the funds, and "intervention by [the attorney] at that point . . . would have been appropriate." Here, the court apparently gave Schlender notice of John's payment on April 24 when it ordered the hearing for May 1. This gave Schlender exactly 1 week—5 business days—to intervene before the hearing. Given this small window, equity permits Schlender to intervene after the court's disposition of the matter, which Schlender tried to do on May 23, 8 days after the court declared his lien unenforceable. Therefore, contrary to Nanci's argument, Schlender's failure to intervene before arguing his lien at the hearing did not destroy any entitlement he may have had to the lien.

## CONCLUSION

Schlender's filing of the lien after his discharge did not affect the enforceability of the lien. Therefore, the district court erred in declaring Schlender's lien unenforceable. And although intervention is the proper method of enforcing an attorney's lien in an original action, equity excuses Schlender's failure to intervene before the trial. On remand, we leave it to the district court to decide whether Schlender attached and perfected his lien. If so, the court should then determine the amount of the lien. We reverse, and remand.

REVERSED AND REMANDED.

---

[19] *Stover v. County of Lancaster*, 271 Neb. 107, 115, 710 N.W.2d 84, 90 (2006).