in concluding that the general verdict rule did not bar it from overturning the jury's verdict.

## CONCLUSION

Although the district court's instructions did not explicitly charge the jury on BNSF's duty of care, they implicitly recognized BNSF's duty by requiring the jury to find that BNSF was negligent if it found that BNSF had failed to provide Kuhnel with a reasonably safe place to work. We therefore find that the Court of Appeals erred in concluding that the instructions constituted plain error. Because our finding that the instructions were not plainly erroneous is dispositive, we need not analyze BNSF's remaining assignment of error. We reverse the decision of the Court of Appeals.

Reversed.

———————

Victoria A. Wisniewski, appellant, v. Heartland Towing, Inc., et al., defendants and third-party plaintiffs, appellees, and Lyman-Richey Corporation, doing business as Ready Mixed Concrete Company, a Delaware corporation, et al., third-party defendants, appellees.

___ N.W.2d ___

Filed February 28, 2014.    No. S-13-171.

1. **Judgments: Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's decision.

Appeal from the District Court for Douglas County: W. Mark Ashford, Judge. Order vacated, and appeal dismissed.

Robert S. Sherrets and James D. Sherrets, of Sherrets, Bruno & Vogt, L.L.C., for appellant.

Christopher P. Welsh, of Welsh & Welsh, P.C., L.L.O., pro se.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

Christopher P. Welsh of Welsh & Welsh, P.C., L.L.O., represented appellant Veronica A. Wisniewski in a negligence suit against Heartland Towing, Inc. After judgment was entered against Heartland Towing, Welsh orally motioned to be paid attorney fees and costs from the judgment. The district court granted the motion. Wisniewski appeals. We dismiss.

## BACKGROUND

Wisniewski was injured in a multiple vehicle accident on June 9, 2006. Wisniewski braked to avoid hitting another vehicle and was struck from behind by a tow truck operated by Billy Pipkin and owned by Heartland Towing. On June 5, 2007, Wisniewski retained Welsh to represent her in a lawsuit against Pipkin and Heartland Towing. Wisniewski and Welsh entered into a contingency fee contract. After a jury trial, the court entered a judgment of $35,006.23 in favor of Wisniewski on June 6, 2012.

On October 12, 2012, Wisniewski, represented by new counsel, filed a legal malpractice suit against Welsh alleging that Welsh failed to adequately represent Wisniewski's claims arising out of the June 2006 automobile accident.

On January 23, 2013, Welsh made an oral motion for payment of attorney fees and costs in this, the underlying negligence lawsuit. The district court granted the motion and authorized the clerk of the district court to distribute $11,085.29 in attorney fees and $3,311.55 in costs to Welsh from the judgment.

Wisniewski filed a motion to alter or amend the order. The district court denied the motion and set a supersedeas bond. Wisniewski appeals from the order denying her motion to alter or amend. Welsh responds as "Movant-Appellee."

## ASSIGNMENTS OF ERROR

Wisniewski assigns the following errors of the district court: (1) finding it had jurisdiction to hear Welsh's motion, (2) granting Welsh's motion without an evidentiary hearing, (3) finding Welsh was entitled to attorney fees, and

(4) denying Wisniewski's motion to alter or amend and stay proceedings.

## STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's decision.[1]

## ANALYSIS

In her first assignment of error, Wisniewski asserts that the district court erred in finding it had jurisdiction to hear Welsh's motion for attorney fees and costs.

Wisniewski argues that the motion was an effort to enforce a contract and that, as such, Welsh was required to file a separate lawsuit against Wisniewski. We reject this argument.

Neb. Rev. Stat. § 7-108 (Reissue 2012) states:

> An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; and upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

We have repeatedly stated an attorney may file a petition in intervention in the original action to enforce an attorney's lien.[2]

Recently, in *Meister v. Meister*,[3] we reiterated that intervention is the proper method of enforcing an attorney's lien in the original action and explained that equity excuses the usual requirement of intervening before trial as required by Neb. Rev. Stat. § 25-328 (Reissue 2008). We also noted in *Meister* that an attorney's failure to intervene before arguing his lien did not destroy the attorney's entitlement to the lien.[4]

---

[1] See *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999).

[2] See, e.g., *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980).

[3] *Meister v. Meister*, 274 Neb. 705, 742 N.W.2d 746 (2007).

[4] *Id.*

In this case, Welsh never filed a petition in intervention. Although Welsh claims to have filed the equivalent in a written motion, no such motion appears in the record before this court. At the time of his oral motion, Welsh was not a party to the suit. Furthermore, Welsh stated at the hearing that he no longer represented Wisniewski. Lacking subject matter jurisdiction, the court erred in deciding Welsh's oral motion for payment. We have stated that a ruling made in the absence of subject matter jurisdiction is a nullity.[5] We therefore vacate the district court's order granting Welsh's oral motion and dismiss the appeal.

ORDER VACATED, AND APPEAL DISMISSED.

MILLER-LERMAN, J., participating on briefs.

---

[5] *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012); *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001); *In re Estate of Andersen*, 253 Neb. 748, 572 N.W.2d 93 (1998); *Billups v. Scott*, 253 Neb. 287, 571 N.W.2d 603 (1997).

---

JASON M. BRUNO, APPELLANT, V. METROPOLITAN UTILITIES
DISTRICT ET AL., APPELLEES, AND NORTHERN NATURAL
GAS COMPANY, INTERVENOR-APPELLEE.

___ N.W.2d ___

Filed February 28, 2014.    No. S-13-212.

1. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to dismiss is reviewed de novo.
2. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion.
3. **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.
4. **Contracts: Legislature.** Competitive bids and public letting are unquestionably a matter of legislative prerogative.
5. **Statutes: Appeal and Error.** The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.