GRIGGS AND ASHBY, APPELLEES, v. GEORGE W. WHITE, APPELLANT.

1. **Attorney's Lien.** An attorney has a lien upon a judgment to the extent of his reasonable fees and disbursements in the suit in which it was obtained. And this right is paramount to the rights of the parties in the suit.

2. ————: DEFENDANT CANNOT AVOID LIEN BY PAYMENT TO CREDITOR. Where a defendant against whom judgment has been recovered has notice of such lien, he cannot evade the payment of the sum actually due for such services by payment to the creditor of the amount of the judgment. ·

3. ————: ASSIGNMENT OF. But where attorneys have rendered services in a case, but have filed no notice of a lien, the mere assignment of their account to parties claiming a lien will not authorize the latter to enforce such claim against the debtor. The right to a lien against a debtor is restricted to the claim set forth in the notice.

THIS was an appeal from the district court of Jefferson county. Tried below before POUND, J. From the pleadings and evidence in the cause it appears that in 1869, Calhoun and Croxton, attorneys residing in Nebraska City, Otoe county, sent to Griggs and Ashby, at Beatrice, Gage county, a transcript of a judgment recovered by them in the district court of Otoe county in an action wherein Benjamin F. Hampton was plaintiff and one James Frazier was defendant. In 1873, a decree was rendered in the district court of Jefferson county foreclosing a certain mortgage held by said James Frazier against premises owned by George W. White, in which cause Benjamin F. Hampton appeared as defendant, and it was adjudged that of the amount due from said George W. White to said Frazier, the claim of said Hampton be first paid. Upon this decree Griggs and Ashby, who were attorneys for Hampton, filed an attorney's lien for the sum of five hundred dollars. The

notice of the lien was filed with the papers in the suit January 27, 1874. From other evidence introduced it appears that in August, 1872, and prior to the rendition of the decree in the case of Frazier against George W. White, that Hampton assigned to one George H. White all his right, title, and interest in and to the judgment recovered against Frazier. On the 16th of April, 1875, Hampton and George H. White, in consideration of the payment of the said claim of Hampton as found in the foreclosure suit, executed a release thereof to said George W. White, he failing to deduct therefrom the lien claimed by Griggs and Ashby. Griggs and Ashby then commenced their action to set aside said release so far as it affected their lien and for its enforcement against the premises of George W. White. The district court found in their favor entering a decree for the sum of $279.80, and White appealed.

*W. L. Wheeler*, for appellant.

*E. E. Brown*, for appellees.

MAXWELL, J.

Section eight, Chap. V, Gen. Statutes, provides as follows: "An attorney has a lien for a general balance of compensation upon any papers of his client which may come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and the hands of the adverse party in an action or proceeding in which the attorney was employed, from the time of giving notice of the lien to that party."

In *Boyer v. Clark & McCandless*, 3 Neb., 168, this court held that an attorney had a lien upon a judgment to the extent of his reasonable fees and disbursements in the suit, in which it was obtained, and that this right is paramount to any rights of the parties in the suit. We still adhere to the opinion announced in that case.

The defendant in his answer denies notice of the lien; but we think there is sufficient evidence to warrant the court in finding that he had notice of the lien before paying the amount due on the decree. Such being the case, he could not evade the payment of the sum actually due the plaintiffs for services rendered in the case, by payment to the mortgagee of the amount due on the decree. The plaintiffs are therefore entitled to judgment for the sum of $150.00, with interest from the time of filing the lien.

The plaintiffs are the assignees of the account of Calhoun & Croxton for services rendered in the same case. In the notice claiming a lien, however, there is no claim for such services, therefore no allowance can be made in this case, as the right of recovery is restricted to the grounds set forth in the notice. The judgment of the court below will be modified in accordance with this opinion.

JUDGMENT ACCORDINGLY.