FANNY M. REYNOLDS AND COLBY & HAZLETT, PLAINTIFFS IN ERROR, V. GEORGE B. REYNOLDS, DEFENDANT IN ERROR.

1. **Judgment of County Court:** ITS CONCLUSIVENESS.  The judgment of a county court in a case wherein it had jurisdiction of the parties, and of the subject matter, unappealed from, where no exceptions were taken on the trial, and where the judgment does not appear affirmatively to be unsupported by the petition or bill of particulars, is conclusive of the matter in controversy, and cannot be reversed.

2. **Proceeding in Error:** SUFFICIENCY OF PETITION WHEN NO COPY IS GIVEN IN THE TRANSCRIPT: PRESUMPTION.  The omission to give a copy of the petition on which the judgment claimed to be erroneous was rendered, makes it impossible for the reviewing court to say whether it contained facts sufficient to warrant it or not, but the presumption will be that it did, unless the subject of the suit be one on which no cause of action could possibly be shown to exist.

3. **Attorney's Lien for Fees:** OF ITS ENFORCEMENT.  An attorney in an action may have a lien for fees due him for services therein on money in the hands of the adverse party, and which is the subject of the litigation; and under certain circumstances may be admitted as a party plaintiff in that action for the purpose of protecting and enforcing such lien.

THIS case was originally brought in the county court of Gage county by Fanny M. Reynolds against George

B. Reynolds, on two promissory notes, together with interest and ten per cent attorneys' fee.   Colby & Hazlett, attorneys for the plaintiff, filed an attorney's lien for $45, of which notice was given to the defendant. Afterwards the plaintiff came personally into court and moved to dismiss her action without prejudice, and thereupon Colby & Hazlett filed a motion and asked to be impleaded with said plaintiff, Fannie M. Reynolds, as plaintiffs, and made parties to the suit against said defendant.   The court sustained the motion of Colby & Hazlett, and also the motion of Fannie M. Reynolds "so far as the same does not dispose of or interfere with the attorney's lien of the said Colby & Hazlett."   Thereupon the cause proceeded to trial on the claim of the attorneys, the court finding "that at the commencement of this suit there was due and owing from the defendant, George B. Reynolds, to the plaintiff, Fannie M. Reynolds, upon the certain promissory notes set forth in plaintiff's bill of particulars, the sum of $450; that said promissory notes provided for the allowance of an attorney's fee in addition to said sum; that said Colby & Hazlett brought and managed said suit as plaintiff's attorneys, and that plaintiff is indebted to said Colby & Hazlett for said services in the case in the sum of $45; that on the second of September, A.D. 1879, the said Colby & Hazlett filed in this court in this cause their attorney's lien and notice thereof in the sum of $45, as provided by law, of which lien the said George B. Reynolds had due notice; that the said Colby & Hazlett have a first and valid lien for their said attorneys' fees in the said sum of $45, due and owing by the said George B. Reynolds upon said promissory notes sued upon in this cause; and that Colby & Hazlett are entitled to recover of and from the said George B. Reynolds the said sum of $45, their attorneys' fees, as aforesaid," and rendered judg-

ment accordingly. The defendant then took the cause on error to the district court, and on a hearing before WEAVER, J., the judgment of the county court was reversed, and Colby & Hazlett brought the cause here on a petition in error.

*Colby & Hazlett, in personam,* cited *Boyer v. Clark*, 3 Neb., 161. *Shapley v. Bellows*, 4 N. H., 353. *Griggs v. White*, 5 Neb., 467. Maxwell's Justice Practice, 286. *Andrews v. Morse*, 12 Conn., 444. *Fisher v. Oskaloosa*, 28 Iowa, 381. *Pleasants v. Kortrecht*, 5 Heisk., 694. *Twiggs v. Chambers*, 56 Ga., 279.

No appearance for defendant in error.

LAKE, J.

The question here presented is, practically, whether, in the proceedings and judgment of the county court, as shown by the transcript thereof in the district court, there was error prejudicial to the defendant. If so, then the judgment now complained of was right and must stand, but if not, it was wrong and should be reversed.

The transcript on which the district court found the judgment of the county court to be erroneous was exceedingly meagre. In addition to the final judgment, it contains only a brief recital, in form similar to docket entries by justices of the peace, of what was done in the case from its commencement until concluded. Of the actual contents of the bill of particulars, the answer, and the several motions shown to have been filed and acted upon, nothing whatever could have been known in the district court, as no copies of them were given in the transcript, nor attached to it as exhibits. Indeed it was not shown that a single exception was taken to anything that was done throughout the entire proceedings.

With the transcript in this condition the errors, and the only ones, assigned were:

"1st.   The said court erred in allowing the said Colby & Hazlett to be made parties plaintiff   *   * against the said George B. Reynolds, who was then the defendant."

" 2.   The said court had no jurisdiction of the person of this defendant" [plaintiff in error] "in said action on the eleventh day of September, 1879."

" 3.   The said court had no jurisdiction of the subject matter of this action on the said eleventh day of September, 1879."

" 4.   The record and pleadings show that the said Colby & Hazlett had no cause of action against this plaintiff."

" 5.   The bill of particulars of the said Colby & Hazlett does not state facts sufficient to constitute a cause of action," etc.

As to the jurisdiction of the county court over the person of the defendant, that was shown, *first*, by the return of the sheriff to the summons, which is copied into the transcript—the service being personal—and again, by the minute in the transcript relative to his answer, which the plaintiff moved to have stricken from the files "for the reason that the same is not verified as required by law."  As to the jurisdiction over the subject matter, it is clear that the court had it, the claim being for money alleged to be due on contract, on which Colby & Hazlett asserted a lien; and the amount demanded being within the limit set to the jurisdiction of that court by the legislature.

It is probable, however—although as no brief has been filed by the defendant, we have no means of knowing it to be so—that the alleged want of jurisdiction, referring as it does to "the eleventh day of September," was based upon the fact that on the preced-

39

ing day a motion was made by the plaintiff, Fanny M. Reynolds, to dismiss her action without prejudice.

But even if such were the fact, it appears that the motion to dismiss was not fully sustained, but the case was retained and allowed to proceed without objection, Colby & Hazlett being admitted as co-plaintiffs, for the purpose of determining an interest which they claimed under an alleged attorney's lien upon the subject of the controversy. Whether there was any dispute between Colby & Hazlett and Fannie M. Reynolds respecting this lien does not appear, but from the fact of her being continued as a plaintiff instead of being made a defendant, as provided in section 41 of the code of civil procedure, we infer there was not. That court certainly had jurisdiction of the subject of this lien, and having judged upon it without objection, and no appeal having been taken, its decision was final as to all of the parties to it. So, too, of the admission of Colby & Hazlett into the case as plaintiffs, the want of objection leaves no question on that point for a reviewing court to pass upon.

The two remaining assignments of error—the fourth and fifth—are substantially alike, and will be considered together. They raise the question of the sufficiency of Colby & Hazlett's bill of particulars or petition, whichever it was, to show a cause of action. As before stated, the omission to give a copy renders it impossible for this court to decide whether it contained sufficient facts to support a judgment in their favor or not. The presumption, therefore, must be that it did, provided it was not impossible in law for that sort of cause of action—an attorney's lien upon money in the hands of the adverse party—to exist.

Of their demand all we are permitted to know from the record before us is, that it was for the sum of $45, which they claimed to be due to them from the origi-

nal plaintiff in that action for services as attorneys, and for which they asserted a lien on the money due from the defendant, and in his hands. That such a lien might exist under the provision of our statute on the subject cannot be denied. Sec. 8, chap. 5, Gen. Statutes, 95. This section provides that: " An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, *and in the hands of the adverse party in an action or proceeding in which the attorney was employed,* from the time of giving notice of the lien to that party."

It being thus settled that, under certain conditions, such lien is possible, the question whether Colby & Hazlett were entitled to it depended, of course, upon the establishment by them of the existence of those conditions by competent evidence on the trial. That they did so is manifest from the judgment of a competent tribunal in their favor, against which no error is shown.

Thus far we have omitted to touch upon the propriety of the practice adopted by the county court of admitting an attorney into the case of his client, as plaintiff, for the purpose of enforcing his lien against the defendant, nor considered whether it could · be done against objection by one or both of the original parties to the suit. Although for want of necessary exceptions no question on this point is raised, yet it may not be wholly out of place for us to say that, under circumstances readily suggested, one of which, and probably an indispensable one, was here present—the attempted dismissal of the case by the plaintiff—we should regard the course pursued not only permissible but eminently proper.

As to whether the original parties could successfully

oppose this practice by objection, that of necessity must depend upon the showing made in each case. No one would contend, we suppose, that so long as the client is willing to have the prosecution go forward in the usual manner for the collection of the money in his own name, the attorney would have the right to be admitted into the case as a party plaintiff.

But when it appears that the attorney, to secure the payment of fees due him for services performed in the preparation and prosecution of the case, has taken the statutory steps necessary to perfect his lien upon money due from the defendant, and which is the subject of the litigation, he has such an interest therein as entitles him to have the case go forward to a final determination; and to the end of protecting that interest and enforcing payment may, if necessary, be admitted as a party plaintiff. In such a proceeding it would be proper practice for the attorney, on being admitted as a party, to file a petition in his own name against both plaintiff and defendant, setting forth the particulars of his claim and lien so that, if disputed by them, answers could be filed, and the issues made up, as in other cases. Such being our views, it follows that the judgment of the district court should be reversed, and that of the county court in all things affirmed; and it is so ordered.

JUDGMENT ACCORDINGLY.