## DOUGLAS CONES V. GEORGE A. BROOKS.

FILED NOVEMBER 8, 1900.   No. 9,293.

1. **Attorney's Lien: GENERAL OR RETAINING.** An attorney has a general or retaining lien upon all papers, books, documents or money of his client coming into his hands in the course of his professional employment.

2. ———: **SCOPE: POSSESSION: NOTICE.** Such lien depends upon possession, and attaches only to papers, books, documents or money in the hands of the attorney, and it is effective without notice to any one.

3. ———: **ENFORCEMENT.** An attorney can not enforce, by action, his general or retaining lien upon a note, bond or other obligation to pay money.

4. ———: **CHARGING OR SPECIFIC: ADVERSE PARTY: NOTICE.** An attorney has a charging or specific lien upon money in the hands of the adverse party to an action or proceeding. Such lien is not perfected until notice has been given to the party in possession of the fund.

5. ———: ———: ———. The notice of a charging or specific lien of an attorney need not be in writing or placed among the files in the case. Any notice that the claim is made and that it will be asserted is sufficient.

6. **Cases Explained and Distinguished.** *Lavender v. Atkins*, 20 Nebr., 206; *Elliott v. Atkins*, 26 Nebr., 403; *Sheedy v. McMurtry*, 44 Nebr., 499, explained and distinguished.

7. **Petition.** Petition in suit to enforce an attorney's lien examined, and found to state facts sufficient to support the action.

ERROR to the district court for Pierce county. Tried below before ROBINSON, J. *Reversed.*

*Douglas Cones,* for himself, and *Benjamin Lindsay* with him.

*J. H. Berryman* and *Berryman & Meserve, contra.*

SULLIVAN, J.

Douglas Cones, a practicing lawyer of Pierce county, instituted this action against George A. Brooks to obtain satisfaction of a claim for professional services. The petition is in three counts. The first charges that the plaintiff rendered services to Breyer, Roepke and Ahlmann, trustees, in an action brought by them against the defendant herein upon a promissory note. The second states that the trustees assigned their cause of action to Carl Korth, and that the plaintiff continued as attorney in the case and rendered valuable services therein. The third asserts an attorney's lien for a general balance upon the note in suit. The district court sustained a general demurrer to the petition, and the plaintiff having declined to plead further, judgment was rendered against him. We learn from the briefs of counsel that the decision in favor of defendant resulted from the conclusion of the trial judge that the plaintiff had failed to give due notice of his lien. This being the only question argued in this court, we shall not consider any other. Section 8, chapter 7, Compiled Statutes, 1899, is as follows: "An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party." This statute, which is declaratory of the common law, gives an attorney a lien upon all papers, books and documents of his client which have come into his possession in the course of his professional employment. It also gives him a like lien upon any money in his hands belonging to his client. These liens are known as general or retaining liens; they depend upon possession and do not attach to anything not in the hands of the attorney; they are complete and effective without notice to any one. *Sanders v. Seelye*, 128 Ill.,

631; *Pierce v. Underwood*, 103 Mich., 62; *Hurlbert v. Brigham*, 56 Vt., 368; *Diehl v. Friester*, 37 Ohio St., 473; *Ward v. Craig*, 87 N. Y., 550. An attorney can not, however, enforce by action a general lien upon a note, bond or other obligation for the payment of money, because the lien attaches only to the evidence of the debt and not to the money in the hands of the debtor. It amounts to a mere right to retain possession of the papers as against the client, until the attorney is fully paid. *In re Wilson*, 12 Fed. Rep., 235; *McDonald v. Charleston, C. & C. R. Co.*, 93 Tenn., 281; *Tillman v. Reynolds*, 48 Ala., 365; 3 Am. & Eng. Ency. Law [2d ed.], 464; 13 Ency. Pl. & Pr., 144.

The statutory and common law lien upon money in the hands of the adverse party in an action or proceeding in which the attorney was employed is a charging or specific lien, and is not perfected until notice has been given to the party in possession of the fund. Such notice is necessary to prevent a *bona fide* settlement of the controversy by the litigants and payment by the debtor to the creditor in ignorance of the attorney's rights. *Williams v. Ingersoll*, 89 N. Y., 508. The notice need not be in writing or placed among the files of the case. Any notice of the existence of the claim, and that it will be asserted, is sufficient. *Young v. Dearborn*, 27 N. H., 324; *Braden v. Ward*, 42 N. J. Law, 518. The statute does not require that the notice shall be in any specific form, or that it shall be given in any particular way; and we have no right to add anything to the law by construction. These views are not in conflict with any of the past adjudications of this court; but it may be that they are not in accord with some intimations and *dicta* found in the earlier cases. *Lavender v. Atkins*, 20 Nebr., 206, *Elliott v. Atkins*, 26 Nebr., 403, and *Sheedy v. McMurtry*, 44 Nebr., 499, upon which counsel for defendant rely, are cases in which there was no money in the hands of the adverse party to which an attorney's lien could attach. The question of notice was not so involved as to make any of these cases a precedent for this. In regard

to the notice the petition states: "And that this plaintiff had and claimed a lien upon said promissory note and the moneys due thereon was well known to the said George A. Brooks." It also alleges that plaintiff was in possession of the note, claiming a lien thereon at the time the litigation was settled, and that the defendant had knowledge of that fact. It is also charged in the petition that the settlement between Brooks and Korth was made for the purpose of preventing the plaintiff in this case from obtaining satisfaction of his claim. These allegations were sufficient. The petition shows that the plaintiff is entitled to recover for the services rendered by him to the trustees and to their assignee in the action against Brooks. The judgment is, therefore, reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.