WILLIAM J. JONES ET AL. V. DUFF GRAIN COMPANY.

FILED MAY 20, 1903.   No. 13,065.

1. Attorney's Lien: FRAUD. Where a judgment to which an attorney's lien has attached has been compromised between plaintiff and defendant in fraud of the attorney's rights, such settlement and compromise may be set aside at the suit of the attorney defrauded.

2. ———: INTERVENTION. The proper method of procedure in such case is for the attorney to file an intervening petition and have the amount and extent of his lien judicially determined before any other steps are taken for its enforcement.

3. ———: EXECUTION. `Held, not error for the trial court to overrule a motion for an execution to enforce the collection of an attorney's lien before the nature and extent of such lien had been judicially determined. .

ERROR to the district court for Cass county: PAUL JESSEN, DISTRICT JUDGE. *Affirmed.*

*James L. Caldwell* and *Benjamin F. Johnson*, for plaintiffs in error.

*Samuel M. Chapman, Robert Ryan* and *John C. Watson*, contra.

OLDHAM, C.

Plaintiffs in error in this cause of action procured a judgment for $750 as attorneys at law for William J. Jones, against the Duff Grain Company, defendant in error, in the district court for Cass county. Subsequently, a supersedeas bond was filed and error proceedings were instituted in the supreme court to reverse said judgment by the defendant company. At the time of the institution of the original suit plaintiffs served the following notice of attorneys' lien on the company:

"You are hereby notified that we have and claim an attorneys' lien, for services rendered plaintiff by us as attorneys in above case to the extent and amount of one-half of the amount recovered by plaintiff against you on the cause of action set forth in his petition filed in above en-

titled case and in above entitled court, or for one-half of any amount paid by you in settlement of plaintiff's claim against you in his cause of action set forth in his petition filed against you as aforesaid, and you are hereby cautioned and warned to make no settlement with plaintiff herein to the prejudice of our said attorneys' lien."

This notice was served by the sheriff and filed with the papers in the case. During the pendency of the error proceedings, defendant's attorney notified one of plaintiffs that Jones and the defendant were willing to compromise the claim on payment of $350 and costs of suit by defendant. This offer was refused by plaintiffs, who stated that they were unwilling to settle their claim for less than one-half of the judgment. Counsel for defendant, notwithstanding this refusal, proceeded to enter into a stipulation with Jones, the plaintiff in the former proceeding, for settlement of the claim on the payment of $175 to Jones and $175 to plaintiffs as their attorneys' fees and payment of costs. This stipulation was entered into by Jones and defendant, and the petition in error was accordingly dismissed in the supreme court. After the stipulation was entered into the defendant through its attorneys tendered plaintiffs the sum of $175, which they refused to accept and thereupon they procured a certificate from the clerk of the supreme court and filed a motion asking that an execution be issued on the judgment in the name of Jones, the plaintiff, for the benefit of plaintiffs for the amount of $375. Affidavits setting up the facts above recited were filed in support of this motion, and the motion was overruled and proceedings in error were accordingly instituted for the purpose of reversing this judgment.

The question which we are to determine in this case is, whether or not the district court erred in overruling plaintiffs' motion for an execution on the judgment formerly rendered by the district court in favor of plaintiffs' client and against the company. Conceding for the purpose of determining this question that the settlement between the defendant and Jones was made without the consent or

knowledge of plaintiff's attorneys and that defendant was in possession of the notice of attorneys' lien, above set forth, was it the duty of the trial court on motion to issue an execution on the judgment for the amount claimed by plaintiff's attorneys as their lien?

While there is much conflict as to the proper method of procedure to enforce the collection of a special or charging attorneys' lien where a cause has been compromised by plaintiff and defendant, after judgment, yet much of this apparent conflict arises from a construction of the various statutes providing for the lien. So that we are necessarily compelled to favor such method of procedure as would be best calculated to afford the protection provided by our own statute. In the first place the question, as to whether the execution when awarded should issue in the name of the original plaintiff for the benefit of the attorneys, or whether it should issue in the name of the attorneys, is a question on which there is a conflict of authority, but one on which the conflict is merely as to the form and not to the substance of the right sought to be enforced. If plaintiffs were entitled to collect the lien by summary process, we do not see how it would materially affect the defendant, whether the execution was issued in the name of the original plaintiff in the cause of action for the benefit of the attorneys, or whether it was issued directly in the name of the attorneys themselves for their own benefit. A controversy as to this matter is as to shadows and not to substances.

The object of special or charging liens is to protect the claim of the attorney by equitable interference of the court and to secure to him payment of just charges out of the fruits of his own labor. In order to reach this end it seems to us that the first thing necessary is to establish judicially the amount, nature and extent of the lien to the end that the attorney may be protected for what is justly due him and that the client and the judgment debtor may also be protected from extortionate and unconscionable charges which might be exacted, if liens of this nature

could in the first instance be collected by summary process. In *Ackerman v. Ackerman,* 14 Abb. Pr. 229, it is held that unless the proceeds have come into the attorney's hands, he must invoke the equitable aid of the court to ascertain the existence and amount of the lien before any steps can be taken to enforce it. In *Fox v. Fox,* 24 How. Pr. 409, the method prescribed as a proper course to be adopted (when there is a controversy as to what the contract is or in regard to the amount payable under it) is for the attorney to proceed by an action to determine the amount or extent of the lien, and have a decree declaring the judgment subject to the lien and awarding execution on the judgment for the amount due. It is said in this decision that under this proceeding "issue may be framed" and a trial had in a way to secure the rights of all parties.

That the settlement and discharge of a judgment, when made in bad faith between plaintiff and defendant and for the purpose of defrauding the attorney in the collection of his lien, may be set aside on application of such attorney, is uniformly established. But it seems to stand on sound principles that when such fraudulent settlement is set aside the attorney claiming the lien should file an intervening petition and establish the amount of his lien, before asking an execution either in his own name or in the name of the judgment plaintiff for its satisfaction. In *Reynolds v. Reynolds,* 10 Neb. 574, 580, this court said:

"When it appears that the attorney, to secure the payment of fees due him for services performed in the preparation and prosecution of the case, has taken the statutory steps necessary to perfect his lien upon money due from the defendant, and which is the subject of the litigation, he has such an interest therein as entitles him to have the case go forward to a final determination; and to the end of protecting that interest and enforcing payment may, if necessary, be admitted as a party plaintiff. In such a proceeding it would be proper practice for the attorney, on being admitted as a party, to file a petition in his own name against both plaintiff and defendant, setting forth the par-

ticulars of his claim and lien so that, if disputed by them, answers could be filed, and the issues made up, as in other cases."

This case has been cited with approval in *Oliver v. Sheeley*, 11 Neb. 521, and *Elliott v. Atkins*, 26 Neb. 408, and it prescribes a proper procedure for the enforcement of a lien when the judgment has been satisfied or is attempted to be satisfied by a collusive agreement between plaintiff and defendant in fraud of an attorney's rights. If we are correct as to the proper method of procedure it follows that the lower court did not err in overruling the motion to have the execution issued before the amount and extent of the lien had been judicially determined.

It is therefore recommended that the judgment of the district court be affirmed.

AMES and HASTINGS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.