EDWIN F. MYERS, APPELLEE, V. CLARENCE M. MILLER, COUNTY JUDGE, ET AL., APPELLEES: WASHINGTON NATIONAL INSURANCE COMPANY, APPELLANT.

279 N. W. 778

FILED MAY 27, 1938. No. 30330.

*Squires, Johnson & Johnson,* for appellant.

*Edwin F. Myers, Kenneth L. Myers* and *Schaper & Runyan, contra.*

Heard before GOSS, C. J., EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

Plaintiff brought action in the district court for Custer county against the county judge of Custer county and the surety on his bond and against the Washington National Insurance Company to recover attorney's fees pursuant to an attorney's lien, alleging proper notice of the lien given. After trial of the action the district court found generally in favor of defendants county judge and the surety on his bond and against the plaintiff, and generally against the defendant insurance company and for the plaintiff, fixing the amount of plaintiff's recovery in the sum of $250 attorney's fee and $4.80, balance due on disbursements,

or a total of $254.80. Defendant insurance company appeals.

The pertinent facts may be summarized as follows: A minor insured lost the sight of one eye by accident, and, under the terms of an insurance policy carried with defendant company, claimed $750 for the loss. On April 1, 1935, the plaintiff was employed by the minor and his next friend to represent the minor. Plaintiff corresponded with the defendant company, notified the company that he claimed an attorney's lien on any settlement made, and asked that settlement, if made, be made through him. Plaintiff prepared a petition to bring an action in the county court of Custer county against the defendant company in behalf of the minor, sending a copy of the petition to the company, and attached thereto notice of an attorney's lien. On July 2, 1935, plaintiff and a local attorney representing defendant company agreed to the entry of a judgment against the company in the sum of $625 and costs in favor of the minor. Plaintiff inquired of the local attorney representing defendant company as to when payment of the judgment would be made. On July 9 the local attorney notified plaintiff that the amount of the judgment had been paid to the clerk of the county court of Custer county; that the check was indorsed to the clerk of the court and the judge thereof.

There is evidence to the effect that plaintiff, on different occasions, sent his son to the county judge to obtain the attorney's fee, as provided for by his attorney's lien. The next friend was appointed guardian for the minor, and the papers were prepared by the local attorney representing defendant company. The county judge called the plaintiff, the guardian and the minor to come to his office. He there informed plaintiff that his attorney's lien was of no effect and refused to take cognizance of it. The county judge subsequently paid the full amount of the judgment to the guardian, and there is evidence to the effect that the county judge stated he would not pay out the money until after he had returned from his vacation, and that he was di-

rected to pay the money to the guardian by the defendant company. For a period of 16 days, from the time the money was paid into the county court until it was paid to the guardian, the plaintiff made an effort to obtain his attorney's fee from the county judge out of the proceeds of the judgment. The county judge testified that he requested the plaintiff to file an application for an attorney's fee. This testimony was denied.

Appellant's assignments of error may be grouped into one general assignment: That the judgment of the district court is contrary to the evidence and the law, and that the court's decision is that defendant company did not have the legal right to pay into the county court of Custer county the amount of the judgment rendered against said company and have such judgment satisfied and be released from further obligations thereon.

Section 7-108, Comp. St. 1929, provides in part: "An attorney has a lien * * * upon money * * * in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party."

In the case of *McDonald v. Atkins*, 13 Neb. 568, 14 N. W. 532, this court held: "The receipt of money by the clerk of a court of record upon a judgment in his office, whether paid voluntarily or made by the sheriff on execution, is an official act, and his failure to faithfully account for such money is a breach of his bond, for which his sureties are liable in an action upon it." In the body of the opinion (p. 570) it was stated: "The uniform practice in this state has always been to make them (payment of judgments) to his clerk, to whose custody and care the files, records, and whatsoever else relates to cases in court, are confided."

In *Dirks v. Juel*, 59 Neb. 353, 80 N. W. 1045, in the opinion it was stated (p. 357) : "That the clerk of the court is the proper custodian of the money paid into court in pursuance of an order or judgment of the court is a proposition upon which, so far as we know, there is no diversity of judicial opinion," citing *McDonald v. Atkins, supra.*

The county court in this state is a court of record. Comp. St. 1929, sec. 27-501. Suffice it to say that under the authorities and established practice in this state there is no doubt that a judgment debtor may pay a judgment to the clerk of a court of record. The plaintiff had a charging lien; that is, an equitable right of an attorney to have fees and costs due him for services in a particular suit secured by the judgment or recovery. The lien of an attorney upon a judgment, to the extent of his reasonable fee and disbursements, is paramount to any right of the parties to the suit. *Boyer v. Clark,* 3 Neb. 161; *Griggs v. White,* 5 Neb. 467.

Appellee contends that, if a defendant, after notice of an attorney's lien, pays a judgment on which there is an attorney's lien, he does so at his peril; that he does not escape even where he pays the amount to the clerk of the court, from whom the judgment creditor, or his agent, subsequently obtains it, and thus deprives the attorney of his lien, citing in support of such contention 6 C. J. 791; and, in turn, in 6 C. J. 791, is cited, in support of such statement of law, the Iowa case of *Fisher v. City of Oskaloosa,* 28 Ia. 381, wherein an attorney prosecuted an action for a client against defendant city and recovered a judgment. After judgment was rendered the attorney served the city with a written notice claiming an attorney's lien on the judgment in the sum of $35 for his fee, and directing the city not to pay the amount of the judgment to his client. He appeared before the city council and requested the council to pay the amount of the judgment to him. The judgment was paid to the clerk of the court, who had no notice of the lien. The clerk, in turn, paid the full amount of the judgment to the attorney's client. The court held: "*It seems,* that, if, for any reason, as the discharge of the attorney or the like, the amount of the judgment cannot safely be paid to him (the attorney), the judgment debtor may pay it to the clerk, under the condition and direction that it be held subject to the lien of the attorney; the judgment debtor thus making the clerk his agent for the proper appropriation of

the money." In the above case the city was required to pay the attorney his fee as set forth in his attorney's lien.

Appellee also cites *Hubbard v. Ellithorpe*, 135 Ia. 259, 112 N. W. 796, wherein the court held: "The lien of an attorney for his services attaches, under a statutory notice thereof, to the money due on the judgment when paid by the debtor to the clerk in satisfaction of the judgment, but subject to the claimed lien." In the body of the opinion it was said (p. 261) : "The filing of this notice is sufficient to protect the attorney against payment of the judgment by the party against whom it is rendered, and, if the judgment debtor pays the judgment notwithstanding the notice, he does so at his own peril, but we know of no sound reason why the judgment debtor may not pay the money into the hands of the clerk conditionally—that is, he may deposit it with the clerk, making the clerk his agent for the purpose of protecting him against the attorney's lien, and enter into an arrangement with the clerk whereby the fee due the attorney may be turned over to him when the amount to which he is entitled is determined—and this we take from the nature of this proceeding and the record is what was done in this case." No attempt was made in the above case to fasten liability upon the judgment debtor for paying the amount of the judgment to the clerk.

The case of *Griggs v. White, supra,* does not support appellee's contention. The judgment debtor in that case paid the amount of the judgment direct to his creditor, and the court, in substance, held that, by such action on the part of the judgment debtor, the attorney's lien could not be defeated, the defendant having had notice of the lien.

In *Reynolds v. Reynolds,* 10 Neb. 574, 7 N. W. 322, attorneys sued on two promissory notes for a client, claimed 10 per cent. attorneys' fees, and filed an attorney's lien. The client appeared in court and had the action dismissed. The attorneys were permitted by the county court to be made parties plaintiff to assert their lien, which on appeal to the district court was denied, and, on appeal to the supreme court, the judgment of the county court was affirmed.

In this state there are no special statutory provisions relating to procedure to enforce an attorney's lien. In *Jones v. Duff Grain Co.*, 69 Neb. 91, 95 N. W. 1, we have the first expression by this court indicating the method of procedure. The court held:

"Where a judgment to which an attorney's lien has attached has been compromised between plaintiff and defendant in fraud of the attorney's rights, such settlement and compromise may be set aside at the suit of the attorney defrauded.

"The proper method of procedure in such case is for the attorney to file an intervening petition and have the amount and extent of his lien judicially determined before any other steps are taken for its enforcement."

To quote from the opinion (p. 93): "The object of special or charging liens is to protect the claim of the attorney by equitable interference of the court and to secure to him payment of just charges out of the fruits of his own labor. In order to reach this end it seems to us that the first thing necessary is to establish judicially the amount, nature and extent of the lien to the end that the attorney may be protected for what is justly due him and that the client and the judgment debtor may also be protected from extortionate and unconscionable charges which might be exacted, if liens of this nature could in the first instance be collected by summary process."

We believe, as set forth in this opinion, that the proper place to pay a judgment by a judgment debtor is to the clerk of the court in which the judgment is obtained. In the Iowa case of *Fisher v. City of Oskaloosa, supra,* the clerk of the court had no notice of an attorney's lien attaching, and the attorney desired to make no demands on the clerk for payment of his lien. A different situation would probably have been evident in that case if the clerk, or judge of the court, had had notice of the attorney's lien, and if the attorney had, on several occasions, requested payment from the court for the amount of the judgment, as in the instant case. As indicated by the cases from our

own jurisdiction, cited in this opinion, we recognize the validity and force of an attorney's lien and its purpose to protect the attorney for his labor against scheming or conniving clients who may seek to defeat the attorney's rights. In transactions of the character now before this court, where a minor is involved and where an agreement was made by the attorney, the next friend and the minor, each claiming certain amounts, based on the recovery which the minor might obtain, we believe the proper practice to be for the court, having exclusive jurisdiction over guardianship matters, to determine the rights of the parties and the amount of the fee.

The issue as to the liability of the county judge and his surety is not before this court. The evidence discloses that the judge failed to take an impartial attitude in this matter but was inclined to act in an advisory capacity. We do not feel that, in equity and good conscience, the defendant company should be penalized for paying a judgment under the circumstances and conditions as exist in this case. We believe, in the absence of fraud or conniving on the part of the judgment debtor against an attorney to defeat his attorney's lien, that such judgment debtor has a right to pay the amount of the judgment to the clerk of the court in which the judgment was rendered, when notice of an attorney's lien has been given to the judge of said court and to the clerk thereof. To hold otherwise would unnecessarily cause difficulty in the payment of judgments by judgment debtors, especially so in a controversy between the attorney, his client and the court, and unnecessarily work a hardship on a judgment debtor.

There is no merit to the contention of the appellee that an attorney's fee should be taxed in this court.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.