**FIRE PROTECTION RESOURCES, INC., Appellee,**

**v.**

**JOHNSON FIRE PROTECTION CO.; WATKINS & BATES, Appellant.**

[Cite as *Fire Protection Resources, Inc. v. Johnson
Fire Protection Co.* (1991), 72 Ohio App.3d 205.]

Court of Appeals of Ohio,
Lucas County.

No. L-89-233.

Decided Jan. 18, 1991.

*John M. Carey,* for appellant.

*Andrew J. Ayers,* for appellee.

---

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas in which the trial court denied the motion of appellant, Watkins & Bates, to order defendant, Johnson Fire Protection Company, Inc., to pay into court an amount equal to its lien for attorney fees. Appellant sets forth the following assignment of error:

"The court erred in refusing to acknowledge or enforce appellant's equitable lien upon judgment proceeds in this case, thereby effectively abolishing a recognized remedy without explanation or provision of any other remedy to appellant.

"A. The trial court erred in failing to recognize the existence of the charging lien.

"B. The trial court erred in requiring a separate action to be instituted for enforcement of the charging lien.

"C. The trial court erred in denying appellant discovery."

The undisputed facts giving rise to this appeal are as follows. On May 15, 1987, the law firm of Watkins & Bates filed a complaint on behalf of appellee, Fire Protection Resources, Inc. ("FPR"), against Johnson Fire Protection Company, Inc. ("JFP") in the Lucas County Court of Common Pleas. Watkins & Bates prosecuted the case in the trial court proceedings and on March 9, 1988, after a trial to the court, obtained a judgment in favor of FPR in the amount of $60,148.48. After FPR obtained its judgment, it discharged Watkins & Bates as its representative. On August 31, 1988, Watkins & Bates filed a notice with the trial court that it claimed a lien on the judgment proceeds in the amount of $809.30 for professional services rendered as attorney for FPR in that action. On September 14, 1988, Watkins & Bates filed a motion asking that the trial court order JFP to pay the amount of $809.30 to the clerk of courts. On October 5, 1988, FPR filed a reply to Watkins & Bates's motion. On July 3, 1989, the trial court filed a judgment entry which stated:

"This case is before the Court on the Motion of the law firm of Watkins and Bates, for entry of an order requiring the defendant Johnson Fire Protection Co. to make a payment to the Clerk of Courts. Upon consideration of the record of this case and the arguments of counsel, the Court finds that the motion is not well taken and should be denied.

"It is ORDERED that the Motion for Payment to Clerk filed on behalf of Watkins and Bates is Denied."

From this judgment appellant brings this appeal.

In its sole assignment of error, appellant contends that the trial court erred in refusing to recognize and enforce an attorney's equitable charging lien on the proceeds of judgment, for professional services rendered in securing that judgment. Appellant essentially raises six arguments in support of its assignment of error: (1) that an attorney has a charging lien over the proceeds of a judgment he helped to secure; (2) that trial courts exercise their jurisdiction by and through their judgments and have continuing authority over their judgments after they are rendered; (3) that a separate action need not be instituted to enforce a charging lien; (4) that a charging lien is enforceable by motion; (5) that the motion filed in the trial court only sought to compel JFP, the defendant below, and not FPR, their client, to pay the judgment into the court; and (6) that an attorney need not obtain a judgment prior to the enforcement of a charging lien.

Appellee responds that (1) where a dispute remains as to the underlying issues of the lien, the lien claimant must litigate the validity of the lien to judgment before proceeding to enforcement of the lien; and (2) litigation of the dispute must take place in a separate action.

All of the above arguments deal with the rights and remedies available to an attorney to ensure payment from his client for professional services rendered, and the procedure by which those rights and remedies are instituted and enforced.

The issue presented here is whether an attorney may, by motion, request that the trial court declare and enforce a lien against the proceeds of a judgment rendered in favor of his client for the reasonable value of his professional services rendered to that client in that suit, when the attorney has been discharged by his client subsequent to judgment and he has not obtained a separate judgment against his client, and the client disputes the lien.

■ The Supreme Court of Ohio has clearly stated that a client may dismiss an attorney at any time with or without just cause, *Fox & Associates Co., L.P.A. v. Purdon* (1989), 44 Ohio St.3d 69, 71, 541 N.E.2d 448, 449, and, in the event of discharge, " * * * the attorney is entitled to recover the reasonable value of services rendered prior to the discharge on the basis of *quantum meruit.*" *Id.* at 72, 541 N.E.2d at 450.

What is not clear and has not been decided in this state is whether, under the facts as set forth in this case, the attorney may obtain such recovery by motion in that case in which he helped procure judgment for his client and from which he was discharged or whether he must first obtain judgment against his client in a separate action.

The Supreme Court of Ohio held in earlier cases that, "[a]lthough an attorney may contribute his skill and services in obtaining a judgment for his client, he has, in this state, no lien on such judgment for his fees * * *." *Diehl v. Friester* (1882), 37 Ohio St. 473, 477. It was also held, however, that, " * * * on the other hand, an attorney may have a claim upon the fruits of a judgment or decree which he has assisted in obtaining * * * [whether] * * * in the hands of a receiver, * * * or in court * * * [and in] many other cases." (Citations omitted.) *Id.* at 477. With the passage of time, however, it became recognized that the right to be paid out of judgment proceeds, although equitable in nature, was, in fact, an equitable lien, *Cohen v. Goldberger* (1923), 109 Ohio St. 22, 27, 141 N.E. 656, 658, even though not originally denominated as such by the courts. *Babin v. Royal Indemnity Co.* (1930), 28 Ohio N.P. (N.S.) 148, 151; see, also, *In re Durkay* (Bankr.N.D.Ohio 1981), 9

Bankr. 58. As stated in *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 224, 523 N.E.2d 332, 337:

"Although there is no provision in the Code creating or recognizing the right of an attorney to a lien as security for payment of compensation for his services, it is plain from a long line of decisions by the courts of this state that the right exists, and in proper cases the courts will lend their aid to maintain and enforce it.

" * * *

"An attorney's lien is founded on the equitable principle that an attorney is entitled to be paid his or her fees out of the judgment rendered in the case."

Such right exists regardless of whether the fee is contingent or otherwise and " * * * notwithstanding the fact that no express agreement existed as to the payment of * * * fees." *Babin v. Royal Indemnity Co., supra,* at 152.

 In Ohio, attorneys are not considered to be mere lien creditors with respect to fees owed to them out of the judgments they helped create. They retain the benefit of such liens even " * * * in the absence of an agreement with their client that they should have such lien." *Cohen v. Goldberger, supra,* 109 Ohio St. at 28, 141 N.E. at 658, and these liens have priority over other liens. *Id.* at 26, 141 N.E. at 657; *In re Durkay, supra.* The Ohio attorney has both a retaining lien over the client's papers and a charging lien over the proceeds of the judgment. *Foor v. Huntington Natl. Bank* (1986), 27 Ohio App.3d 76, 27 OBR 95, 499 N.E.2d 1297. Unlike other liens, an attorney's lien " * * * has its origin in the inherent power of courts over the relations between attorneys and their clients. The power which the courts have summarily to enforce the performance by the attorney of his duties toward his client enables the court to protect the rights of the attorney as against the client." *Id.* at 79, 27 OBR at 99, 499 N.E.2d at 1301, quoting *Everett, Clarke & Benedict v. Alpha Portland Cement Co.* (C.A.2, 1915), 225 F. 931, 935–936. " '[U]ntil a judgment is fully executed, the court retains jurisdiction of the subject matter and the parties for the purpose of hearing any motion affecting such judgment, and if the attorney desires to have his lien established and declared against such judgment, he may apply to the court for that purpose.' * * * 'An attorney's lien is enforceable through the control the courts have of their judgments and records, and by means of their own process.' " *Babin v. Royal Indemnity Co., supra,* at 153, quoting 6 Corpus Juris 794, and 5 Am.St.Rep. 251, 271. An attorney's right to fees out of the judgment, therefore, is no different than if " * * * attorney's fees were thus included in the verdict and judgment * * *." *Diehl v. Friester, supra,* at 478.

Attorney charging liens on judgment proceeds have been respected by Ohio courts in which the judgment was rendered in cases in which the party against whom judgment was rendered filed a motion for setoff, *Diehl v. Friester, supra;* in cases in which a creditor of the client in whose favor judgment was rendered filed an intervening petition, *Cohen v. Goldberger, supra;* and in cases in which the attorney filed a motion to declare his lien when the amount of or entitlement to fees was not disputed. *Babin v. Royal Indemnity Co., supra.* While concern has been expressed that " * * * a summary order could have no other effect than to deprive a party of his day in court * * *," *Newcomb v. Krueger* (1930), 36 Ohio App. 469, 473, 173 N.E. 246, 248, where the " * * * property [is] in the hands of a stranger to the suit * * *," *id.* at 475, 173 N.E. at 248, Ohio courts have held that, where the parties are not strangers to the suit, " * * * the compensation of the plaintiffs should be worked out by application to the court holding the fund, and in which the services were rendered." *Olds v. Tucker* (1880), 35 Ohio St. 581, 584. It was also considered to be significant that " * * * the amount was in some degree to be determined by the judge before whom the services were rendered, from his own knowledge of their value." *Diehl v. Friester, supra,* at 478.

When reviewing these cases, it is clear that, in dealing with those issues, some of the primary considerations of the Ohio courts [1] have been (1) the right of the client to be heard on the merits; (2) the right of an attorney to invoke the equitable jurisdiction of the courts to protect his fee for services rendered; (3) the elimination of unnecessary and duplicative litigation; (4) the opportunity for the client to obtain counsel to litigate the claim for attorney fees; (5)

---

1. Courts of other jurisdictions have resolved this issue in ways as diverse as the possibilities. Some courts, although expressing concern with the antagonistic nature of a controversy between the attorney and client over attorney fees in the suit in which the attorney fees were incurred and the opportunity for the client to present the merits of the controversy, have held that " * * * where the recovery is the result of a particular suit the lien must be declared and enforced in that suit." *Butler v. General Motors Acceptance Corp.* (1958), 203 Tenn. 366, 313 S.W.2d 260. Other courts have required that the attorney intervene as a party to the underlying suit to protect his interest. *Jones v. Duff Grain Co.* (1903), 69 Neb. 91, 95 N.W. 1; *Katopodis v. Liberian S/T Olympic Sun* (E.D.Va., 1968), 282 F.Supp. 369; *Myers v. Miller* (1938), 134 Neb. 824, 279 N.W. 778; *Barber v. Barber* (1980), 207 Neb. 101, 296 N.W.2d 463. These latter courts have expressed concern that summary enforcement could result in extortionate and unconscionable charges. *Jones v. Duff Grain Co., supra; Myers v. Miller, supra.* These courts have allowed the attorney, however, to intervene as a party in the original action, based on the continuing jurisdiction of the court over equity matters, and jurisdiction over all matters involved in the suit or incidental thereto. *Barber v. Barber, supra.* Other jurisdictions have held that the better practice is to require counsel to bring a separate action against his client, *Midvale Motors, Inc. v. Saunders* (1968), 21 Utah 2d 181, 442 P.2d 938, or have adapted a hybrid form in which a separate action is required when the right to or amount of fee involved is disputed by the client, *Chaachou v. Chaachou* (Fla.App.1960), 122 So.2d 24, but is not required where there is no dispute, or where the dispute is between opposing attorneys. *de la Cruz v. Brown* (Fla.App.1976), 338 So.2d 245.

the propriety of an order as opposed to a judgment; (6) a forum for the presentation of witnesses, if necessary; and (7) the equitable nature of the proceeding.

Upon application of these considerations and the general principles advanced by the Ohio courts to the facts of this case, this court finds that a motion to declare and enforce an attorney's charging lien on the proceeds of judgment must be entertained by the court in the action in which the judgment was rendered when, as here, (1) the client against whom such motion is filed has been given an opportunity to obtain new counsel, and (2) there is a final judgment in the case which the claiming attorney helped secure by his services in that litigation or incident to that litigation. This court finds further that, in the event that the right to or amount of attorney fees is disputed by the client, the trial court may, in the interests of justice, order the attorney seeking relief to intervene as a party to the lawsuit.

Since the trial court below did not hear the merits of the controversy between Watkins & Bates and its client, FPR, appellant's sole assignment of error is found well taken.

On consideration whereof, the judgment entry of the Lucas County Court of Common Pleas denying appellant's motion for payment to the clerk is reversed. This case is remanded to said court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

GLASSER, ABOOD and MELVIN L. RESNICK, JJ., concur.