DeANN C. STOVER, APPELLANT, V.
COUNTY OF LANCASTER, APPELLEE.
710 N.W.2d 84

Filed March 3, 2006.    No. S-04-1108.

Victor E. Covalt III and Mary C. Gaines, of Ballew, Schneider, Covalt, Gaines & Engdahl, P.C., L.L.O., for appellant.

Gary E. Lacey, Lancaster County Attorney, Douglas D. Cyr, and Nathan Evershed, Senior Certified Law Student, for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

DeAnn C. Stover, an attorney, appeals from the district court's decision affirming the order of the county court, which had denied her claim brought against Lancaster County, under the

Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1997 & Cum. Supp. 2002) (Tort Claims Act). At issue in this appeal is the determination of the duties of the clerk of the district court to preserve funds in a case in which an attorney's lien has been filed. We have not previously commented on the duties of the clerk under the circumstances of this case.

In this case, Stover filed a claim against Lancaster County asserting that the clerk of the district court erred when the clerk paid the entirety of the funds deposited by the judgment debtor to the judgment creditor in disregard of an attorney's lien filed by Stover. The Lancaster County Board of Commissioners denied Stover's claim. In subsequent litigation, the county court ruled in favor of Lancaster County and dismissed Stover's complaint. The district court for Lancaster County concluded the clerk did not owe a duty to Stover and affirmed the county court's decision. Because we conclude that under the facts the district court clerk owed a duty to Stover to preserve the funds, pending resolution of Stover's claimed attorney's lien, we reverse the decision of the district court and remand the cause to the district court with directions to remand to the county court for further proceedings consistent with this opinion.

## STATEMENT OF FACTS

The facts essential to our consideration of the issue raised in this appeal are not in dispute. Arnold Denison hired Stover to represent him as the petitioner in a divorce action against Lori Denison, filed in the district court for Lancaster County and entitled "Denison v. Denison," case No. CI 01-222. On September 25, 2001, judgment in the amount of $5,000 was entered in the Denison case in favor of Arnold and against Lori.

On November 7, 2001, Stover filed a document entitled "Lien" in the Denison case. In the document, Stover claimed a $2,500 "lien for professional services rendered" during her representation of Arnold in the Denison case. A copy of the lien was mailed to all parties, and thus, the clerk and the parties had notice of Stover's attorney's lien.

On April 19, 2002, Lori paid the sum of $5,153.57 into the district court clerk's office in apparent satisfaction of the judgment rendered against her. The parties in the instant case have

stipulated that the clerk paid Arnold the "entire" amount on or about April 23. The clerk did not advise Stover that Lori had paid the judgment into the clerk's office and did not retain any funds relative to Stover's lien. In May 2002, Stover became aware of Lori's payment of the judgment and the subsequent disbursement of the judgment funds by the clerk to Arnold.

On June 17, 2002, Stover submitted a claim to the Lancaster County Board of Commissioners pursuant to the Tort Claims Act. The board held a hearing on Stover's claim on August 13 and denied the claim on August 14.

On January 23, 2003, Stover filed a complaint under the Tort Claims Act in the county court for Lancaster County. In her complaint, Stover alleged, in summary, that the clerk erred when she disbursed the sum paid by Lori to Arnold, in derogation of Stover's claimed attorney's lien. On March 5, Lancaster County filed an answer to Stover's complaint, in summary denying that it was liable to Stover. On January 8, 2004, the case was submitted to the county court on stipulated facts and exhibits. On February 9, the county court ruled in favor of Lancaster County and dismissed Stover's complaint. In its journal entry, the county court stated as follows:

> While I think [Stover] is certainly getting the bad end of this from the government, I feel the statutes in effect do not allow me to award [Stover] the damages requested. There were certain procedures [Stover] could have taken to assure a valid lien. These steps were not taken.

Stover appealed the county court's decision to the district court for Lancaster County. The case came before the district court on June 10, 2004. In an order dated August 26, 2004, the district court affirmed the county court's ruling. In its order, the district court stated the following:

> Stover chose to give notice of her claim to an attorney's lien by filing the document she captioned "Lien" and sending it to her client and opposing counsel. However, filing a notice of the attorney's lien alone is not sufficient to create a right to the money held by the clerk and, thus, a duty to Stover under [Neb. Rev. Stat.] §25-2214.01 [(Reissue 1995)]. To do that the attorney must proceed by way of intervention to obtain a judgement [sic] for her fee. Stover

took no steps to do that at the time she filed her notice of lien or in the five months thereafter.

I agree with Stover that *Myers v. Miller*[, 134 Neb. 824, 279 N.W. 778 (1938),] contains language that suggests the outcome should be otherwise. (In fact, until I read the law for purposes of deciding this case, I thought the outcome would be otherwise. And if I were allowed to make the law rather than follow what I have concluded the law is, I might rule otherwise.)

Stover appeals from the district court's order.

## ASSIGNMENT OF ERROR

On appeal, Stover assigns several errors that we restate as claiming that the district court erred in failing to conclude that the clerk of the district court owed a duty to preserve the judgment funds on deposit so as to be available to satisfy Stover's attorney's lien.

## STANDARDS OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. See *Suburban Air Freight v. Aust*, 262 Neb. 908, 636 N.W.2d 629 (2001). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Marshall v. Dawes Cty. Bd. of Equal.*, 265 Neb. 33, 654 N.W.2d 184 (2002). However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the record. *In re Wendland-Reiner Trust*, 267 Neb. 696, 677 N.W.2d 117 (2004).

## ANALYSIS

In this appeal, the controlling facts are not in dispute, and we are asked to determine the duty of the district court clerk as it pertained to Stover's claimed attorney's lien. Relevant to our analysis are the attorney's lien statute, Neb. Rev. Stat. § 7-108 (Reissue 1997), and the district court clerk's money and property management statute, Neb. Rev. Stat. § 25-2214.01 (Reissue 1995).

In Nebraska, the statutory provision establishing a lien for an attorney fee is found at § 7-108, and reads as follows:

> An attorney has a lien for a general balance of compensation upon any papers of his client which have come into his possession in the course of his professional employment; and upon money in his hands belonging to his client, and in the hands of the adverse party in an action or proceeding in which the attorney was employed from the time of giving notice of the lien to that party.

The list of responsibilities of the clerk of the district court to manage property and money that come into the clerk's possession is found at § 25-2214.01 and provides in relevant part as follows:

> (1) Whenever any money or other property is received by the clerk of the district court, he or she shall carefully manage it and may, when the money cannot immediately be paid out to its rightful owner, deposit the money in interest-bearing accounts in insured banking or savings institutions.

We note that this case presents this court with its first opportunity to harmonize § 7-108 and its jurisprudence with § 25-2214.01.

As set forth above, on September 25, 2001, a judgment was awarded against Lori in Denison v. Denison, Lancaster County District Court, case No. CI 01-222, in favor of Arnold, Stover's client, in the amount of $5,000. On November 7, Stover filed her attorney's lien in Denison v. Denison in the amount of $2,500, with notice to both parties. Subsequent thereto, on April 19, 2002, Lori apparently satisfied the judgment, by paying into the clerk of the district court the amount of $5,153.57, and the clerk thereafter paid Arnold the "entire" amount.

On appeal, Stover challenges the district court's conclusion that the clerk of the district court owed no duty to Stover under § 25-2214.01. Specifically, Stover asserts that after she filed her attorney's lien under § 7-108, she had asserted an interest to at least a portion of the funds subsequently paid by Lori into the clerk's office, and that pursuant to § 25-2214.01, the district court clerk had a duty to retain possession of funds sufficient to satisfy Stover's lien until such time as the rightful ownership of those

funds could be determined. We agree with Stover that under the facts, the clerk owed a duty to Stover.

Under § 7-108, an attorney has a lien upon "money . . . in the hands of the adverse party" belonging to the attorney's client from the time the attorney gives notice of the lien. We have previously recognized that § 7-108 creates a charging lien and that it " 'is not perfected until notice has been given to the party in possession of the fund.' " *Barber v. Barber*, 207 Neb. 101, 112, 296 N.W.2d 463, 471 (1980) (quoting *Cones v. Brooks*, 60 Neb. 698, 84 N.W. 85 (1900)). We have stated that the purpose of the statute's notice requirement is to "protect innocent [persons] who have no notice or knowledge that an attorney claims a lien on the judgment." *Tuttle v. Wyman*, 149 Neb. 769, 779, 32 N.W.2d 742, 748 (1948). We have further acknowledged that the statute does not mandate any particular form of notice. See, *Barber v. Barber, supra*; *Tuttle v. Wyman, supra*. In the instant case, Stover prepared and served upon the parties in Denison v. Denison a written notice of her claimed attorney's lien, and she filed a copy of her lien in the district court file in Denison v. Denison. Her notice was sufficient.

Because Stover filed her attorney's lien prior to Lori's payment of the funds to the district court clerk, at the time Lori paid the judgment into the court, the lien had been perfected by Stover's notice and had attached to the funds. See, generally, *Kleager v. Schaneman*, 212 Neb. 333, 339, 322 N.W.2d 659, 663 (1982) (discussing attorney's lien "attach[ing]" upon money in hands of adverse party); *Barber v. Barber*, 207 Neb. at 112, 296 N.W.2d at 471 (quoting *Cones v. Brooks, supra*, and noting that lien " 'is not perfected until notice has been given to the party in possession of the fund' "). Notwithstanding perfection of Stover's attorney's lien, under the rulings of this court noted below, Lori, as the adverse party and judgment debtor, was nevertheless permitted to pay the judgment against her into the district court clerk's office to satisfy the judgment and at the same time be relieved from her obligations under Stover's lien.

It is fundamental that "the proper place to pay a judgment by a judgment debtor is to the clerk of the court in which the judgment is obtained." *Myers v. Miller*, 134 Neb. 824, 830, 279

N.W. 778, 781 (1938). In a case involving both an outstanding judgment and an attorney's lien, we have stated:

> We believe, in the absence of fraud or conniving on the part of the judgment debtor against an attorney to defeat his attorney's lien, that such judgment debtor has a right to pay the amount of the judgment to the clerk of the court in which the judgment was rendered, when notice of an attorney's lien has been given to the . . . clerk thereof. To hold otherwise would unnecessarily cause difficulty in the payment of judgments by judgment debtors, especially so in a controversy between the attorney, his client and the court, and unnecessarily work a hardship on a judgment debtor.

*Id.* at 831, 279 N.W. at 781-82. Based on our decision in *Myers*, despite the attachment of an attorney's lien, the adverse party may be relieved from liability on such lien by payment of the judgment into the clerk of the court's office. Therefore, Lori's payment of the judgment against her into the office of the clerk of the district court relieved Lori from her responsibilities with regard to Stover's attorney's lien.

In view of the foregoing, the issue thus arises as to whether, under § 25-2214.01, the district court clerk had a duty to Stover to preserve funds sufficient to satisfy her claimed attorney's lien at the time the clerk transmitted the entire sum Lori had paid into the clerk's office to Arnold. We conclude that the clerk had such a duty, and the district court erred when it concluded to the contrary.

The substance of Stover's complaint was the allegation that the clerk mistakenly paid out funds to which Stover was entitled in some measure pursuant to her attorney's lien. Whether a legal duty in negligence exists is a question of law. *Moglia v. McNeil Co.*, 270 Neb. 241, 700 N.W.2d 608 (2005). By its terms, § 25-2214.01 obligates the clerk of the district court to "carefully manage" money received and to pay out moneys to the "rightful owner." Moreover, the statute anticipates uncertainty as to ownership by requiring the clerk to retain possession of the money and deposit it into an interest-bearing account "when the money cannot immediately be paid out to its rightful owner."

■ Given our decisions regarding attorneys' liens, and harmonizing §§ 7-108 and 25-2214.01, we conclude that when an

adverse party pays into the clerk of the district court such sums as will satisfy a judgment awarded against that party, and prior to the payment of such sums into the court, notice is given and an attorney's lien has attached, the district court clerk who has notice of the lien by virtue of its filing has a duty to retain that portion of the deposited funds to which an attorney's lien has attached until the "rightful owner" of the sums retained can be determined. Under such circumstances, when the funds cannot be fully paid out, as part of the clerk's duty to "manage" such funds, the clerk of the district court should notify those entities of whom the clerk is on notice who have claimed an interest in the funds, of the retention of the funds, to effectuate the determination of the "rightful owner." § 25-2214.01.

In the instant case, we note that both the county and district courts concluded that the district court clerk had no duty to Stover in the absence of her intervention in Denison v. Denison and reached such conclusion by reliance on decisions of this court discussing equitable intervention by attorneys seeking to enforce attorneys' liens. See, *Barber v. Barber*, 207 Neb. 101, 296 N.W.2d 463 (1980); *Tuttle v. Wyman*, 149 Neb. 769, 32 N.W.2d 742 (1948). See, generally, *Jones v. Duff Grain Co.*, 69 Neb. 91, 95 N.W. 1 (1903); *Reynolds v. Reynolds*, 10 Neb. 574, 7 N.W. 322 (1880). However, given the posture of the instant case, the lower courts misperceived the relevance of those decisions to the resolution of the threshold issue of whether the clerk owed Stover a duty. We have concluded that the clerk had a duty to Stover to retain funds and that the clerk should have notified the parties or individuals claiming an interest in the retained funds. Had that occurred, intervention by Stover at that point to prove entitlement and the amount of her attorney's lien would have been appropriate. See *id*. The lower courts' reliance on the intervention cases was misplaced. See, generally, *Myers v. Miller*, 134 Neb. 824, 830, 279 N.W. 778, 781 (1938) (discussing attorney's lien and noting that in Nebraska, "there are no special statutory provisions relating to procedure to enforce an attorney's lien").

Stover brought this action under the Tort Claims Act, and a negligence action brought under the Tort Claims Act has the same elements as a negligence action against an individual, i.e., duty, breach of duty, causation, and damages. See *Cerny v.*

*Cedar Bluffs Jr./Sr. Pub. Sch.*, 262 Neb. 66, 628 N.W.2d 697 (2001). Stover has alleged that the clerk erred when she distributed funds in which Stover had an interest and that Stover was damaged thereby. The sole issue raised in this appeal concerned the duty of the district court clerk to retain funds until the "rightful owner" was established, and we have concluded that the clerk owed such duty to Stover. Because the county court erroneously determined that the district court clerk did not have a duty, it dismissed Stover's complaint against Lancaster County without consideration of the remaining elements raised by the allegations in the complaint, and the county court's decision was affirmed on appeal by the district court. In view of the foregoing, we reverse the decision of the district court and remand the cause to the district court with directions to remand to the county court to consider the remaining elements of Stover's claim against Lancaster County under the Tort Claims Act. See *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006) (appellate court will not consider issue on appeal that was not passed upon by trial court).

## CONCLUSION

This is a case of first impression. In this case brought under the Tort Claims Act, we conclude that under the language of § 25-2214.01, when an adverse party pays sums into the office of the clerk of the district court to satisfy a judgment, and prior to the payment of such sums, an attorney's lien has attached to such sums, the district court clerk has a duty without regard to whether the attorney has intervened to retain that portion of the funds to which an attorney's lien has attached until the "rightful owner" of the sums can be determined. In such circumstance, the clerk of the district court should notify those entities of whom the clerk is on notice who have claimed an interest in the funds, of the retention of the funds by the clerk, to effectuate the determination of the "rightful owner."

The district court's order concluding that the clerk owed no duty to Stover and affirming dismissal of Stover's complaint was in error. Because the lower courts erroneously ruled that the district court did not have a duty, no determination was made concerning the remaining elements raised by Stover's complaint. Accordingly, we reverse the decision of the district court

and remand the cause to the district court with directions to remand to the county court for further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

WRIGHT, J., participating on briefs.